Larry SMALL, Appellant (Defendant),

v.

CONVENIENCE PLUS PARTNERS, LTD., a Colorado limited partnership, Appellee (Plaintiff).

No. 99-278.

Supreme Court of Wyoming.

June 2, 2000.

Representing Appellant: Newton S. "Rusty" Ludwig and H.W. Rasmussen of Attorneys at Law of Wyoming, P.C., Sheridan, Wyoming.

Representing Appellee: John R. Hursh of Central Wyoming Law Associates, P.C., Riverton, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

MACY, Justice.

Appellant Larry .Small appeals from the trial court's conclusion that he failed to prove his contract with Appellee Convenience Plus Partners, Ltd. was unconscionable.

We affirm.

## ISSUES

Small submits the following three issues for our analysis:

A.) Did the District Court abuse its discretion when it did not void the contract where the Appellee substantially breached the duty of good faith and fair dealing implied in the contract?

B.) Did the District Court abuse its discretion when it held that the contract was not unconscionable where the clauses of the contract were so one-sided as to be unconscionable under the circumstances existing at the time of making the contract?

C.) Did the District Court abuse its discretion when it did not rule upon claims raised by the Appellant where the Appellant clearly raised those claims in his pleadings and at trial?

## FACTS

■ The trial proceedings were not reported. Although Small settled the record pursuant to W.R.A.P. 3.03, he, for some peculiar reason, chose to glean his statement of facts from the pleadings and briefs filed in the case. This Court cannot rely on the allegations and averments contained within pleadings and briefs as being accurate statements of facts. *Parker v. Parker*, 750 P.2d 1313, 1313 (Wyo.1988). We will, therefore, utilize the trial court's findings in its Judgment and Order, which are consistent with the settled Statement of Evidence, for the purposes of our discussion:

1. Convenience Plus Partners, Limited (C–Plus) is a regional gas supplier operating in several states. Plaintiff C–Plus supplied gasoline and equipment to Defendant for the operation of his gasoline sales business.

2. Defendant Small and his family own/operate a corporation known as Burger King/Texaco in Riverton, Wyoming. The sales from Defendant's Burger King/Convenience store are separate from that involving the gasoline sales. The issue in this case does not involve the defendant's Burger King operation.

3. Defendant has been in business for 19 years and operates a Burger King in Riverton, four other Burger Kings in Wyoming and one convenience store. The Riverton gas station is the first gasoline business he has operated. Defendant's business was referred to as a "co-brand" operation, i.e., a combination of two brand name "flag" businesses, Burger King and Texaco. These two businesses were operated under entirely different contracts.

4. In May of 1995, Plaintiff and Defendant entered into various contracts. The agreements were: (1) the Complete Contract of Sale Commission Marketer (2) Amortization Agreement (3) Commodity Schedule and a (4) Special Purpose

Lease.... All four documents will be referred to as the contract. Defendant signed all the contracts after "briefly reading them." Defendant testified he understood what was in the contract and the agreement was a "good deal" at the time. Defendant testified on cross-examination that he now believed the contract to be unconscionable because he wasn't making a profit on the gasoline sales. The only part of the contract Defendant appeared to think was unfair was the provision in the Commodity Schedule giving Plaintiff the right to set the retail price for the gasoline. Defendant testified that for the last two or three months he had been setting the retail gasoline price. It was not clear if this was with Plaintiff's permission.

5. Defendant got behind on his cash flow in the Burger King/convenience store portion of his business and diverted the funds from the gasoline sales to other purposes. Defendant was neither reporting the gasoline proceeds nor making the payments pursuant to the contract. Plaintiff brought an action to recover the arrearages and for specific performance.

6. When this matter was heard, Defendant had paid all arrearages and was performing his part of the contract. Defendant testified that he was performing his obligations under the contract and would continue to do so unless, of course, the Court would find the contract unconscionable. The only issue remaining before this Court was whether or not the contract entered into by Plaintiff and Defendant was unconscionable.

7. ... [A] managing partner of Plaintiff C–Plus[ ] testified that Defendant seemed content signing the contract and in May of 1995 had signed an identical contract for a similar business in Sheridan. [This managing partner] testified Defendant gave no indication that he didn't understand the contract. This contract is used in most of the states where Plaintiff does business and there was nothing unique about the contract between Plaintiff and Defendant.

8. Defendant claimed he should be entitled to an offset. There was no relevant

**1256**

testimony concerning an architectural fee offset. The Court finds no offset is warranted.

(Footnote omitted.)

The trial court concluded that, although Small may have entered into an unwise business venture, he failed to establish that the contract was unconscionable and granted Convenience Plus Partners' prayer for specific performance. Small appeals to this Court.

### DISCUSSION

■■■ The argument section of Small's brief consists mainly of a recitation of the provisions that, in his opinion, make the contract unfair. We summarily affirm cases or issues that have not been presented with cogent argument or supported by pertinent authority. *Baker v. Reed,* 965 P.2d 1153, 1154 (Wyo.1998). Other than citing to a few authorities that support very general legal principles, Small's brief is completely devoid of specific cogent argument or authority to support his assertion that this particular contract is unconscionable. We, accordingly, summarily affirm this case.

■■■ Convenience Plus Partners requests that sanctions be levied against Small for his disregard of various rules of appellate procedure. Generally, this Court is reluctant to impose sanctions, but we will make such an award in those rare circumstances where an appellate brief lacks cogent argument, is devoid of pertinent authority to support the claims of error, and/or fails to make adequate references to the record. *Williams v. Dietz,* 999 P.2d 642, 645 (Wyo.). We conclude that this is one of those rare circumstances where sanctions pursuant to W.R.A.P. 10.05 are appropriate. Convenience Plus Partners shall submit a statement of costs and attorney's fees associated with responding to this appeal. Upon review, we will award an appropriate amount in the form of sanctions.

Affirmed.