2001 WY 125

**Jan Charles GRAY, Appellant
(Defendant),**

v.

**STRATTON REAL ESTATE,
Appellee (Plaintiff).**

No. 00–323.

Supreme Court of Wyoming.

Dec. 12, 2001.

Jan Charles Gray, pro se, Representing Appellant.

Keith P. Tyler and Peter C. Nicolaysen, Casper, WY, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶1] Jan Charles Gray appeals from a judgment entered against him on a lease contract. Finding Gray's argument on appeal to be without merit, we affirm the judgment of the district court and, finding no just cause for this appeal, award sanctions against Gray.

## ISSUE

[¶ 2] Appellant frames the issue as:

Whether a real estate listing agreement without a "definite expiration date," as required by Wyoming Statute § 33–28–111 is enforceable.

Appellee rephrases the issue slightly:

Whether the written contract between the parties is illegal by operation of Wyoming Statute § 33–28–111 (1999), thereby rendering the contract void in its entirety.

## FACTS

[¶ 3] Gray and Stratton Real Estate (Stratton) entered into an "Exclusive Leasing and Commission Agreement" (Agreement) in May 1999. Under the terms of the Agreement, Gray, as the owner of certain office space, agreed to pay Stratton a commission of ten thousand dollars in exchange for Stratton negotiating a lease for the office space on his behalf. The proposed tenant with whom Stratton was to pursue negotiations was delineated in the Agreement. Gray agreed to pay Stratton five thousand dollars upon consummation of the lease, and the remaining five thousand dollars on September 1, 1999.

[¶ 4] Stratton successfully negotiated the lease, and the lease agreement was signed. Gray refused to pay any portion of the commission. Stratton brought suit against Gray for breach of contract. After a trial, judgment was entered against Gray in the amount of ten thousand dollars plus interest and costs. Gray filed a timely notice of appeal. Stratton claims that there is no reasonable cause for this appeal and requests this Court impose sanctions on Gray pursuant to W.R.A.P. 10.05.

## STANDARD OF REVIEW

[1, 2] [¶ 5] Gray presents a pure question of law for our review, requiring an interpretation of Wyo. Stat. Ann. § 33–28–111(a)(xx). "Statutory interpretation is a question of law, so our standard of review is *de novo.*" *May v. May,* 945 P.2d 1189, 1191 (Wyo.1997).

Our rules of statutory interpretation are well established. We decide initially whether the statute is clear or ambiguous. *Lyles v. State ex rel. Division of Workers' Compensation,* 957 P.2d 843, 845 (Wyo. 1998). This Court makes that determination as a matter of law. *Allied–Signal, Inc. v. Wyoming State Board of Equalization,* 813 P.2d 214, 220 (Wyo.1991); *see also Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1043 (Wyo.1993). If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. *Wyoming Dept. of Transp. v. Haglund,* 982 P.2d 699, 701 (Wyo.1999). "[W]e refuse to enlarge, stretch, expand, or extend a statute to matters which do not fall within its express provisions." *Bowen v. State, Wyoming Real Estate Comm'n,* 900 P.2d 1140, 1143 (Wyo.1995).

## DISCUSSION

[¶ 6] Gray argues that the Agreement is not enforceable because it violates Wyo. Stat. Ann. § 33–28–111(a)(xx). Title 33, chapter 28, article 1 contains general licensing provisions for real estate brokers and salesmen. Section 111(a)(xx) is entitled "[c]ensure of licensee and suspension or revocation of license; grounds," and specifically provides:

(a) The commission shall upon a written sworn complaint or may upon its own motion investigate the actions of any broker, associate broker or salesman and may censure the licensee, suspend or revoke any license issued under this act . . . for any of the following:

\* \* \* \*

(xx) Failing to obtain written listing agreements identifying the property and containing all terms and conditions under which the property is to be sold including the price, the commission to be paid, the signatures of all parties concerned and a definite expiration date.

Wyo. Stat. Ann. § 33–28–111(a)(xx) (Lexis-Nexis 2001). We fail to discern how this statute applies to the facts of this case. This statute is a licensing regulatory statute that,

by its terms, applies only to listing agreements for the sale of property. It does not apply to lease agreements.

[¶ 7] In a brief totally lacking in pertinent authority and woefully sparse of cogent argument, Gray argues that the Agreement does not contain a "definite expiration date" and is therefore unenforceable because it violates the statute. We fail to discern any merit in this argument. Obviously, a lease agreement cannot violate a statute intended to regulate a broker's conduct regarding the sale of real property.

[¶ 8] Gray also seems to argue that the statute reflects a strong public policy that all written listing agreements (presumably including lease agreements) include a definite expiration date. He contends that the absence of such a definite expiration date makes the listing agreement unenforceable as against public policy. Gray reads far too much into § 33–28–111(a)(xx). The statute simply does not apply to lease agreements in any sense.

■ [¶ 9] Even if the statute did apply to establish public policy for lease agreements, Gray takes the public policy argument too far. While Gray professes to have found no pertinent authority, this Court has previously had occasion to interpret § 33–28–111(a)(xx). In *Wyoming Realty Co. v. Cook*, 872 P.2d 551 (Wyo.1994), this Court specifically spoke to the purpose of § 33–28–111(a)(xx). In *Cook*, a licensed real estate broker concluded a sale of certain real property under an oral agreement with the owner of the property. The owner then tried to invoke § 33–28–111(a)(xx) to avoid payment of any commission to the broker, stating that any oral agreement was unenforceable under the statute.

■ [¶ 10] This Court refused to interpret § 33–28–111(a)(xx) in such a way that it would defeat the payment of an earned commission of a broker. We determined that § 33–28–111(a)(xx) was a regulatory statute and that this "regulatory statute adopted in Wyoming, taken together with the regulations of the Commission, appear, at best, to evidence a legislative intent to structure a special statute of frauds." *Cook* at 553. Be-

cause the statute of frauds can be satisfied by full performance of one of the parties, the lack of a written listing agreement would not bar the enforcement of the oral agreement:

> We reverse the holding of the district court that, as a matter of public policy in Wyoming, a written listing agreement is a prerequisite to recovery of a real estate sales commission, if the contract has been performed by the broker. The broker's right to the commission should not be defeated under these circumstances when it is clear that the broker is the procuring cause for the sale of the property.

*Id.* at 554. We clearly stated in *Cook* that public policy does not favor the forfeiture of contract rights. It should not need to be restated that:

> "[c]ourts do not like to aid litigants in avoiding their contractual obligations by joining in their games of hide-and-seek behind statutory technicalities especially is this so where the other party has performed and the party looking to avoid the contract has reaped all the benefits of the performance. We will not aid and abet such efforts if we can possibly avoid it."

*Id.* (quoting *Battlefield, Inc. v. Neely*, 656 P.2d 1154, 1157 (Wyo.1983)). In this case, we not only have a written contract, but Stratton also successfully concluded its duties under the contract within a few months. The public policy evinced in § 33–28–111(a)(xx) would not be furthered by a finding that the lack of a definite expiration date makes the entire written agreement, already performed by Stratton, unenforceable. We decline Gray's invitation to interpret a statute intended to prevent fraud in such a way as to allow Gray to avoid his contractual obligations after he "has reaped all the benefits of the performance."

■ [¶ 11] As a final issue, Stratton claims that there is no reasonable cause for this appeal and this Court should award sanctions pursuant to W.R.A.P. 10.05. "Generally, this Court is reluctant to impose sanctions, but we will make such an award in those rare circumstances where an appellate brief lacks cogent argument, is devoid of pertinent authority to support the claims of error, and/or fails to make adequate refer-

ences to the record." *Small v. Convenience Plus Partners, Ltd.*, 6 P.3d 1254, 1256 (Wyo. 2000). This is such a rare circumstance.

[¶ 12] Gray failed to include any pertinent authority in his brief to support his claim. In fact, the existing law is to the contrary. Section 33–28–111(a)(xx) applies only to regulate listing agreements for the sale of real property. It simply does not apply to the Agreement at issue in this appeal. Even if it did, it could not be used to defeat the claim of Stratton to a commission agreed to by Gray and fully earned by Stratton. We can discern no good faith legal basis for this action. We therefore certify that there is no reasonable basis for this appeal and that sanctions are appropriate.

## CONCLUSION

[¶ 13] There is no basis in law, equity or public policy for Gray to defeat the contractual obligations into which he freely entered with Stratton. Gray's argument against enforcement of the Agreement is not supported by any pertinent authority and is completely lacking in merit. We affirm the judgment of the district court and will impose sanctions on Gray. Stratton shall submit a statement of costs and attorney's fees associated with responding to this appeal. Upon review, we will award an appropriate amount in the form of sanctions.