# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 64

APRIL TERM, A.D. 2017

*June 1, 2017*

IN THE INTEREST OF: BFW, A
Minor Child,

DW and KW,

Appellants
(Respondents),

v.                                                              S-16-0224

THE STATE OF WYOMING,

Appellee
(Petitioner).

*Appeal from the District Court of Park County*
*The Honorable Steven R. Cranfill, Judge*

*Representing Appellants:*

William K. Struemke, Serviam Legal Services, LLC, Cody, Wyoming

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; Misha Westby, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; David S. Robinson, Assistant Attorney General. Argument by Mr. Robinson.

*Guardian ad Litem:*

Office of the State Public Defender: Dan S. Wilde, Deputy State Public Defender; Aaron S. Hockman, Chief Trial and Appellate Counsel, Wyoming Guardian *ad Litem* Program

*Before BURKE, C.J., and HILL, DAVIS, and KAUTZ, JJ, and BROOKS, D.J.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    Appellants DW and KW challenge an adjudication which determined that they neglected their minor child. However, they have not adhered to the Wyoming Rules of Appellate Procedure because they have failed to present cogent argument or pertinent authority to support their claims of error as to issues they raise. Accordingly, we summarily affirm.

## ISSUES

[¶2]    Appellants present several issues attempting to assert errors claimed to have been committed by the juvenile court. However, the issues are unintelligible at best, as they are uncoupled to any cogent argument or pertinent authority.

## FACTS

[¶3]    The county attorney filed a juvenile petition alleging Appellant's minor child had been neglected as defined under Wyo. Stat. Ann. § 14-3-402(a)(xii)(A) and (B). The proceeding eventually made its way to trial, and a jury found that Appellants had indeed neglected their child.[1] Based upon these findings, the juvenile court adjudged Appellants' child to be neglected under the Child Protection Act, Wyo. Stat. Ann. § 14-3-401 *et seq.*

[¶4]    Appellants timely perfected their appeal, and the case was subsequently docketed with this Court. The day that the case was docketed, the clerk of this Court provided notice to Appellants and other parties as to the briefing schedule. The schedule clearly advised that Appellants had 45 days after service of the notice to file their brief. Unfortunately, Appellants failed to timely file their brief, and this Court entered an order dismissing the appeal for want of prosecution pursuant to W.R.A.P. 7.11. Appellants then filed a petition for reinstatement pursuant to W.R.A.P. 15, which this Court subsequently granted after finding excusable neglect.

## DISCUSSION

[¶5]    The longstanding rule of this Court is to summarily affirm "cases or issues in cases that are not presented with cogent argument or pertinent authority." *Hamburg v. Heilbrun*, 891 P.2d 85, 87 (Wyo. 1995); *see also Small v. Convenience Plus Partners, Ltd.*, 6 P.3d 1254, 1256 (Wyo. 2000) (summarily affirming for lack of cogent argument); *State ex rel. Reece v. Wyoming State Bd. of Outfitters & Prof'l Guides*, 931 P.2d 958, 959 (Wyo. 1997) ("Appellant's brief fails to comply with rules of appellate procedure and is void of cogent argument or legal authority, thus depriving him of his requested relief.").

---

[1] The jury, however, found the allegations of abuse against both parents to be untrue.

1

[¶6]     We have carefully reviewed Appellants' brief, and uncovered no cogent argument supported by legal authority.  Consequently, we must summarily affirm the *Order on Adjudicated Hearing* entered by the district court.

[¶7]     Affirmed.