2017 WY 150

**Richard W. HODSON, Appellant (Plaintiff),**

v.

**Janet L. STURGEON, Appellee (Defendant).**

S-17-0131

Supreme Court of Wyoming.

December 15, 2017

Representing Appellant: Pro se.

Representing Appellee: Larry B. Jones of Simpson, Kepler & Edwards, LLC, the Cody, Wyoming division of Burg Simpson Eldredge Hersh and Jardine, P.C., Cody, Wyoming.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

KAUTZ, J.

[¶1] Richard W. Hodson challenges the district court's order which recognized and adopted the settlement he reached with Janet L. Sturgeon. In that settlement, the parties agreed to resolve their pending lawsuit and divide their jointly owned property. Because Mr. Hodson failed to comply with the Wyoming Rules of Appellate Procedure, we summarily affirm the district court's order and grant Ms. Sturgeon's request for an award of costs and attorney fees.

## FACTS

[¶2] Mr. Hodson sued Ms. Sturgeon claiming breach of contract and seeking a dissolution of partnership. His Complaint also alleged that the parties jointly owned property. He asserted the district court should set Ms. Sturgeon's interest in that property over to him pursuant to a contract. On the day of trial, the parties' attorneys told the district court that they had settled the case. They recited the terms of the settlement and submitted a written settlement agreement signed by both parties. The district court entered an order adopting the settlement.

Mr. Hodson timely filed a notice of appeal challenging that order.

## DISCUSSION

[¶3] Mr. Hodson is acting *pro se* in this appeal.

> A *pro se* litigant is entitled to some leniency from the stringent standards applied to formal pleadings drafted by attorneys. However, there must be a reasonable adherence to the procedural rules and requirements of the court. *Hodgins v. State*, 1 P.3d 1259, 1262 (Wyo. 2000). This Court will impose sanctions including, but not limited to, summary affirmance, pursuant to W.R.A.P. 1.03 on *pro se* litigants who fail to comply with these rules. *Id.* at 1262-63.

*Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002). Mr. Hodson has not complied with our rules of appellate procedure. Consequently, we summarily affirm the district court's order.

[¶4] W.R.A.P. 7.01(e)(2), (f) and (j) provide as follows:

> The brief of appellant shall contain . . . .
>
> (e) A statement of the case including:
>
> . . . .
>
> (2) A statement of the facts relevant to the issues presented for review with citations to the parts of the designated record on appeal relied on.
>
> (f) An argument . . . setting forth:
>
> (1) Appellant's contentions with respect to the issues presented and the reasons therefor, with citations to the authorities, statutes and parts of the designated record on appeal relied on; and
>
> (2) For each issue, a concise statement of the applicable standard of review[.]
>
> . . . .
>
> (j) An appendix, which shall contain (1) a copy of the judgment or final order appealed from. . . .

W.R.A.P. 3.05(b) states:

> Appellant shall, contemporaneously with filing its brief in the appellate court and service of that brief on appellee, file with the clerk of the trial court and serve on all parties and the appellate court clerk a designation for transmission of all parts of the record, without unnecessary duplication, to which appellant intends to direct the appellate court in its brief.

[¶5] W.R.A.P. 7.01(e)(2) requires that an appellant's brief contain a "statement of the facts relevant to the issues presented for review with citations to the parts of the designated record on appeal relied on." Mr. Hodson's brief does not contain appropriate citations to the record. He did not designate any portion of the record for transmission to this Court as required by W.R.A.P. 3.05(b), but Ms. Sturgeon did see that a record was submitted. Many of the facts asserted in Mr. Hodson's brief go beyond what is found in the record, and appear to entirely ignore the validity of the district court's order adopting the parties' settlement. He attached evidentiary exhibits to his brief which are not part of the designated record. Mr. Hodson's brief does not include the order he is appealing as required by W.R.A.P. 7.01(f).

[¶6] Mr. Hodson's legal argument is nearly impossible to decipher. He appears to claim the district court erred in refusing to enforce an agreement that allegedly existed before he filed his lawsuit. He fails to address the district court's acceptance of the settlement agreement. His "argument" includes no citations to relevant case law. "As such, his appeal fails to present cogent argument or pertinent authority relevant to the order he purports to appeal from in his notice of appeal." *Basolo v. Gose*, 994 P.2d 968, 970 (Wyo. 2000). "We may decline to consider claims unsupported by cogent argument and pertinent legal authority." *Marshall v. State*, 2016 WY 119, ¶ 14, 385 P.3d 304, 308 (Wyo. 2016) (quoting *DeLoge v. State*, 2012 WY 128, ¶ 11 n.2, 289 P.3d 776, 779 n.2 (Wyo. 2012)).

[¶7] W.R.A.P. 1.03(a) provides that a party's failure to comply with the appellate rules provides grounds "for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; monetary sanctions; award of attorney fees; dismissal; and affirmance." Mr. Hodson has not complied with our appellate rules, and he has not presented cogent argument or pertinent legal authority. Summary affirmance is appropriate.

[¶8] Ms. Sturgeon requests an award of attorney fees and costs pursuant to W.R.A.P. 10.05, which provides that if we certify there was no reasonable cause for an appeal, "a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case." We are generally reluctant to order sanctions under Rule 10.05. *Grynberg v. L & R Exploration Venture*, 2011 WY 134, ¶ 30, 261 P.3d 731, 739 (Wyo. 2011); *Amen, Inc. v. Barnard*, 938 P.2d 855, 858 (Wyo. 1997). We do so, however, where an appeal lacks cogent argument, where there is an absence of pertinent authority to support the claims of error, or when there is a failure to adequately cite the record. *Basolo*, 994 P.2d at 970. As we previously discussed, Mr. Hodson presented no cogent argument, his brief contains no citation to relevant legal authority, and he did not provide adequate citations to the record. These failures lead us to certify that there was no reasonable cause for this appeal and to award penalties in accordance with W.R.A.P. 10.05.

[¶9] The district court's order approving the settlement between Mr. Hodson and Ms. Sturgeon is affirmed. Ms. Sturgeon will submit a statement of attorney fees and costs to this Court for our review so that an appropriate award may be ordered.