# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 148

**OCTOBER TERM, A.D. 2020**

December 9, 2020

|  |  |
|---|---|
| EDWARD MARVIN CORRIGAN and BGE,<br><br>Appellants<br>(Defendants),<br><br>v.<br><br>THOMAS VIG,<br><br>Appellee<br>(Plaintiff). | S-20-0122 |
| EDWARD MARVIN CORRIGAN and WESTERN INVESTMENT TRUST,<br><br>Appellants<br>(Defendants),<br><br>v.<br><br>THOMAS VIG,<br><br>Appellee<br>(Plaintiff). | S-20-0123 |

*Appeal from the District Court of Natrona County*
The Honorable Kerri M. Johnson, Judge

*Representing Appellants:*
> Pro se.

*Representing Appellee:*
> Ryan L. Ford of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.



*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    Thomas Vig filed two separate complaints against Edward Marvin Corrigan seeking to be declared the sole owner of certain real properties located in Natrona County, Wyoming, and to invalidate certain documents in the properties' chains of title.  The district court entered judgment in favor of Mr. Vig in each case.  Mr. Corrigan appealed both judgments.  We consolidated the appeals.  Because Mr. Corrigan's pro se briefs fail to comply with the Wyoming Rules of Appellate Procedure (W.R.A.P.), we summarily affirm the district court's judgments.  We grant Mr. Vig's request for an award of attorney fees and costs under W.R.A.P. 10.05.

## FACTS

[¶2]    In 2010, Natrona County obtained a $316,400 judgment against Mr. Corrigan in Docket No. CV-090590 due to his violations of various zoning regulations and Wyoming statutes.  Mr. Corrigan may have attempted to appeal from that judgment.  However, because his "Notice of Appeal Contempt of Constitutions" failed to invoke our jurisdiction and did not identify what district court order he challenged, we dismissed his attempted appeal.  Thereafter, the County began executing on Mr. Corrigan's assets to collect its judgment.  Those efforts included writs of execution against Mr. Corrigan's properties at 1019 North Durbin Street and 1102 North McKinley Street in Casper, Wyoming ("the properties").  The writs were served on Mr. Corrigan, and a "Notice of Execution Sale" was published in the local newspaper.  Mr. Vig purchased the properties at a sheriff's sale. Mr. Corrigan did not exercise his right to redeem the properties, but instead created and recorded documents he titled "Affidavit of Demand" and "Declaration of Land Patent" in the County's land records.  He attempted to sell the North McKinley property to Brandy Pickler and James T. Mobley via a "Contract for Deed."

[¶3]    Mr. Vig filed two complaints against Mr. Corrigan in Docket Nos. CV-107501 and CV-107502 seeking, among other things, a judgment declaring (1) he is the sole owner of the properties; (2) Mr. Corrigan does not hold any right, title, or interest in the properties; and (3) the "Affidavits of Demand," "Declarations of Land Patent," and "Contract for Deed" are invalid and/or void.[1]  Mr. Corrigan answered the complaints, arguing the land patents were superior to Mr. Vig's claims to the properties.

[¶4]    Mr. Vig filed a motion for summary judgment in each case.  Mr. Corrigan did not respond to the motions.  The district court granted Mr. Vig's motions and entered

---

[1] In Docket No. CV-107501, Mr. Vig also named BGE as a defendant; in Docket No. CV-107502, he included Galen Corrigan, Western Investment Trust, Ms. Pickler and Mr. Mobley as defendants.  Mr. Vig moved for and obtained an order of default against Galen Corrigan, Ms. Pickler, and Mr. Mobley.  BGE and Western Investment Trust answered the complaints in the district court but did not respond to Mr. Vig's motions for summary judgment or appeal the district court's judgments.  Mr. Corrigan is the only appellant in these appeals.

1

judgments declaring him to be the sole owner of the properties and invalidating the "Affidavits of Demand," "Declarations of Land Patent," and "Contract for Deed." Mr. Corrigan appealed.

## DISCUSSION

[¶5] Mr. Corrigan raises seven issues in his pro se briefs, most of which appear to attack the district court's orders in Docket No. CV-090590. Mr. Corrigan is collaterally estopped from challenging these orders because they became final when he failed to perfect an appeal from those orders. *See Phillips v. Toner*, 2006 WY 59, ¶ 19, 133 P.3d 987, 995 (Wyo. 2006) (district court's previous decision that plaintiff's services were performed pursuant to a November 4, 2002 letter agreement and he had been paid in full for those services "became final and conclusive when [plaintiff] failed to appeal" from that decision). *See also, Eklund v. PRI Envtl., Inc.*, 2001 WY 55, ¶ 15, 25 P.3d 511, 517 (Wyo. 2001) ("Collateral estoppel bars relitigation of previously litigated issues and involves an analysis of four . . . factors: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.") (emphasis and citation omitted).

[¶6] Moreover, Mr. Corrigan's pro se briefs fail to comply with our rules of appellate procedure. They do not contain a statement of the facts with citations to the record, the applicable standard of review, or cogent argument supported by pertinent case law as required by W.R.A.P. 7.01(f) and (g). While Mr. Corrigan attached numerous exhibits to his briefs, he failed to attach the orders and judgments from which he is appealing as required by W.R.A.P. 7.01(k)(1). He also did not designate any portion of the record for transmission to this Court, *see* W.R.A.P. 3.05(b); Mr. Vig ensured a record was submitted by filing an appropriate designation of the record on appeal.

[¶7] W.R.A.P. 1.03(a) states: "The failure to comply with any . . . rule of appellate procedure [other than the failure to timely file a notice of appeal] . . . does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; monetary sanctions; award of attorney fees; dismissal; and affirmance." Mr. Corrigan's failure to comply with our appellate rules and to provide cogent argument renders summary affirmance appropriate. *See Harrison v. State*, 2020 WY 43, ¶¶ 2-3, 460 P.3d 260, 261 (Wyo. 2020) (summarily affirming district court's order denying Mr. Harrison's motion to enforce his claimed plea agreement because his pro se brief failed to comply with our appellate rules and contained no cogent argument or citation to pertinent authority); *Hodson v. Sturgeon*, 2017 WY 150, ¶¶ 5-7, 406 P.3d 1264, 1265 (Wyo. 2017) (summary affirmance appropriate due to Mr. Hodson's failure to designate a

record and to include record citations, pertinent legal authority, or cogent argument in his brief). While Mr. Corrigan's pro se status entitles him to "'"a certain leniency" from the more stringent standards accorded formal pleadings drafted by lawyers,'" it does not excuse his failure to reasonably adhere to our procedural rules. *Wood v. Wood*, 2018 WY 93, ¶ 11, 424 P.3d 247, 250 (Wyo. 2018) (quoting *Osborn v. Painter*, 909 P.2d 960, 965 (Wyo. 1996), and *Osborn v. Emporium Videos*, 848 P.2d 237, 240 (Wyo. 1993)).

[¶8]    Mr. Vig requests an award of attorney fees and costs under W.R.A.P. 10.05, which allows us to grant "a reasonable amount for attorneys' fees and damages to the appellee" if we certify "there was no reasonable cause for the appeal." Rule 10.05(b). Additionally, "we award sanctions when the appellant's brief 'lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record.'" *Golden v. Guion*, 2016 WY 54, ¶ 32, 375 P.3d 719, 727 (Wyo. 2016) (quoting *Carbaugh v. Nichols*, 2014 WY 2, ¶ 23, 315 P.3d 1175, 1180 (Wyo. 2014)) (other citation omitted). Because Mr. Corrigan's briefs lack cogent argument and fail to cite to the record or pertinent legal authority, Mr. Vig is entitled to recover the reasonable attorney fees and costs he incurred in responding to these appeals. Mr. Vig shall submit a statement of attorney fees and costs to this Court for our review. We will determine the proper amount to be awarded after receiving his submission.

## CONCLUSION

[¶9]    Because Mr. Corrigan's pro se briefs do not provide any cogent argument and otherwise fail to comply with our rules of appellate procedure, we summarily affirm the district court's judgments in Docket Nos. CV-107501 and CV-107502. We grant Mr. Vig's request for his attorney fees and costs under Rule 10.05.