# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 108

**OCTOBER TERM, A.D. 2023**

**November 8, 2023**

TODD MCINERNEY,

Appellant
(Defendant),

v.

S-23-0099

VERONICA KRAMER,

Appellee
(Plaintiff).

*Appeal from the District Court of Campbell County*
*The Honorable James Michael Causey, Judge*

*Representing Appellant:*
   Corrie Lynn Lamb, Shepherd Law, LLC, Gillette, Wyoming.

*Representing Appellee:*
   Codie D. Henderson and Catherine M. Young, Davis & Cannon, LLP, Sheridan, Wyoming.

*Before KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ., and BLUEMEL, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]     Veronica Kramer (Wife) and Todd McInerney (Husband) divorced.  In dividing the parties' marital assets, the district court ordered Wife to make a lump sum equalization payment to Husband.  Wife filed a Motion to Alter or Amend Judgment Pursuant to W.R.C.P. 59, asking that she be allowed to make the equalization payment in installments.  Without a hearing, the district court granted her motion.  Husband appeals.  Due to deficiencies in the appeal, we summarily affirm.

## ISSUES

[¶2]     Husband offers two issues, which we rephrase:

> 1. Did the district court abuse its discretion when it denied Husband's Motion for Extension of Time to Respond?
>
> 2. Did the district court abuse its discretion when it granted Wife's Motion to Alter or Amend Judgment Pursuant to W.R.C.P. 59?

[¶3]     Wife raises a preliminary issue relating to Husband's failure to comply with the Wyoming Rules of Appellate Procedure and requests we exercise our discretion under W.R.A.P. 1.03 and summarily affirm.

## FACTS

[¶4]     The parties married in 1997.  During their marriage they had two children who, having reached the age of majority, are not at issue here.  Wife, a physical therapist, is a partner in North Platte Physical Therapy.  During the marriage, Husband acted as a stay-at-home father and operated the family ranch.  Prior to the marriage, Husband injured his back and has not held outside employment since the injury.

[¶5]     Wife filed for divorce in December 2020.  After a bench trial, the district court entered a Decree of Divorce.  As part of the division of marital assets, Wife was ordered to make a lump sum equalization payment to Husband of $1,063,000.  This payment was subject to statutory interest of 10% per annum, accruing from the date of the decree.

[¶6]     On November 1, 2022, Wife timely filed and served a Motion to Alter or Amend Judgment, Pursuant to W.R.C.P. 59, where she requested a payment plan without interest for the equalization payment.  She argued that her portion of the marital estate did not

1

contain sufficient liquidity to make a large, one-time payment.[1]  On November 29, 2022, Husband filed his response to Wife's motion.  His response was served 28 days after service of Wife's Rule 59 motion and was untimely.  *See* W.R.C.P. 6(c)(2) & (d) (allowing 20 days to respond, plus 3 days for mailing).  On December 1, 2022, Husband filed a Motion for Extension of Time to Respond asserting he was not properly served with Wife's motion.

[¶7]   On February 13, 2023, the district court, without a hearing, denied Husband's motion for an extension of time and granted Wife's motion to amend.  The district court ordered:

> [Wife] shall make payments of $150,000 per year to [Husband] until the equalization payment is paid in full.  This will consist of two yearly payments—$75,000 at the end of January and another $75,000 at the end of July.  The 10% interest rate set forth in paragraph 31 of the *Decree of Divorce* is suspended so long as [Wife] makes these payments.

[¶8]   Husband appeals.

### *DISCUSSION*

[¶9]   The decision whether to dismiss an appeal or summarily affirm a lower court's decision based upon the filing of a deficient brief or the failure to present cogent arguments is within the discretion of this Court.  *See* W.R.A.P. 1.03; *In Int. of BFW*, 2017 WY 64, ¶ 5, 395 P.3d 184, 185 (Wyo. 2017).  We apply "stringent standards . . . to formal pleadings drafted by attorneys." *Hodson v. Sturgeon*, 2017 WY 150, ¶ 3, 406 P.3d 1264, 1265 (Wyo. 2017) (quoting *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002)); *see also Rammell v. Mountainaire Animal Clinic, P.C.*, 2019 WY 53, ¶ 14, 442 P.3d 41, 46 (Wyo. 2019) (contrasting leniency provided to pro se litigants with "stringent standards applied to formal pleadings drafted by attorneys" (quoting *Young*, ¶ 9, 46 P.3d at 297)).  When a brief contains no cogent argument or pertinent authority, we consistently have refused to consider the appeal, whether the brief is by a litigant pro se or is filed by counsel.  *See, e.g.*, *Corrigan v. Vig*, 2020 WY 148, ¶ 7, 477 P.3d 87, 89 (Wyo. 2020) (summarily affirmed when pro se appellant failed to comply with appellate rules and brief contained no cogent argument); *Harrison v. State*, 2020 WY 43, ¶¶ 2–3, 460 P.3d 260, 261 (Wyo. 2020) (summarily affirming district court's order denying Mr. Harrison's motion to enforce his claimed plea agreement because his pro se brief failed to comply with our appellate rules and contained no cogent argument or citation to pertinent authority); *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo. 1995).

---

[1] Wife also requested credit for payments she had made following trial.  On November 2, 2022, the district court granted this request, reducing the equalization payment to $997,008.02.  This ruling is not at issue here.

[¶10]  W.R.A.P. 7.01 sets forth the requirements for an appellant's brief:

> The brief of appellant shall contain under appropriate headings and in the order indicated:
>
> (a)    A title page which must include:
>
> > (1)    The appellate court caption and appellate court case number;
> >
> > (2)    Identification of party filing the brief; and
> >
> > (3)    The name(s), address(es) and telephone number(s) of the attorney(s) or pro se party(ies) preparing the brief.  Members of the Wyoming Bar shall include their Wyoming Bar number.
>
> (b)    A table of contents, with page references;
>
> (c)    A table of cases alphabetically arranged (in one list or by jurisdiction), statutes and other authorities cited, with references to the pages where they appear;
>
> (d)    A statement of jurisdiction in the appellate court. The statement shall include a concise statement of the facts material to the finality of an order being appealed, the timeliness of the appeal, any other facts effecting jurisdiction and a reference to the provisions of statute, rule or case law on which jurisdiction rests;
>
> (e)    A statement of the issues presented for review;
>
> (f)    A statement of the case, presented in any efficient order, identifying the nature of the case, setting out the facts relevant to the issues presented for review, describing the relevant procedural history, and identifying the rulings presented for review, with citations to page numbers in the designated record on appeal as paginated in accordance with Rule 3.05(h). Citations to the designated record shall not contain volume numbers;

(g)     An argument (which may be preceded by a summary) setting forth:

> (1)     Appellant's contentions with respect to the issues presented and the reasons therefor, with citations to the authorities, statutes and pages of the designated record on appeal relied on; and

> (2)     For each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(h)     A short conclusion stating the precise relief sought;

(i)     The signature(s) of counsel or pro se party(ies) submitting the brief;

(j)     A certificate of service; and

(k)     An appendix, which shall contain:

> (1)     copy of the judgment or final order appealed from;

> (2)     the trial court's decision letter or other written and/or oral reasons for judgment, if any; and

> (3)     the statement of costs required by rule 10.01.

W.R.A.P. 7.01.

[¶11]  Husband's brief does not comply with Rule 7.01—the Table of Contents contains page references for only three of ten listed items,[2] the Table of Authorities is blank, the Statement of Jurisdiction lacks "reference to the provisions of statute, rule or case law on which jurisdiction rests," and the date of service is listed as June 19, 2021, two years prior

---

[2] Two of the page references refer to pages that do not exist in the brief.

4

to the date the brief was filed.[3]  A party who fails to follow the requirements of Rule 7.01 risks summary affirmance on appeal.  *See Finch v. Pomeroy*, 2006 WY 24, ¶¶ 2–3, 130 P.3d 437, 437–38 (Wyo. 2006); *Cor v. Sinclair Servs. Co.*, 2017 WY 116, ¶ 6, 402 P.3d 992, 994 (Wyo. 2017) ("[The] requirements [of Rule 7.01] are not meaningless obstacles to a review by this [C]ourt of a given case but rather are necessary to drafting an organized, thoughtful, and analytical opinion on well defined issues." (quoting *In re KD*, 2001 WY 61, ¶ 9, 26 P.3d 1035, 1036–37 (Wyo. 2001))).

[¶12]  In addition to the procedural infirmities, the issues Husband raises in the brief are not developed by cogent argument or supported by legal authority.  For his first issue, Husband asserts the district court abused its discretion by denying his motion for an extension of time to respond to Wife's Rule 59 motion, but offers no argument or authority in support of his assertion.

[¶13]  For his second issue, Husband argues the district court erred when it granted Wife's Rule 59 motion.  He cites only one case—*Sinclair v. Sinclair*, 2015 WY 120, 357 P.3d 1100 (Wyo. 2015) which is inapposite to his claim.  At issue in *Sinclair* was the district court's authority to suspend interest on equalization payments in a divorce decree.  *Sinclair*, ¶ 9, 357 P.3d at 1102–03.  We acknowledged that "[t]here is no question in this context that the district court had broad discretion to fashion a fair division of the marital property." *Id.* ¶ 14, 357 P.3d at 1104 (citations omitted).  Husband does not connect the *Sinclair* holding to the Rule 59 motion at issue in this appeal and offers no other argument or authority.

[¶14]  Because Husband's brief is deficient in many respects and lacks cogent argument, we summarily affirm.  *See Wageman v. Harrell*, 2020 WY 143, ¶ 10, 476 P.3d 657, 659–60 (Wyo. 2020) (Court does not address argument when appellant "provide[d] no cogent argument or authority"); *Reichert v. Daugherty*, 2018 WY 103, ¶ 28, 425 P.3d 990, 997 (Wyo. 2018) (Court refuses to address argument when appellants cite only to one statute and "no other authority and make no cogent argument"); *Bruckner v. State*, 2018 WY 51, ¶ 17, 417 P.3d 178, 182 (Wyo. 2018) ("[This] Court has a long-standing precedent of summarily affirming cases or issues not supported by cogent argument or pertinent authoritative citation."); *BFW*, ¶ 6, 395 P.3d at 185 (summarily affirming where there was "no cogent argument supported by legal authority"); *see also In Int. of FP*, 2021 WY 77, ¶¶ 23–25, 488 P.3d 943, 948–49 (Wyo. 2021) (summarily affirming because appellant's brief failed to comply with W.R.A.P. 7.01 and appellant misstated the record); *Cor*, ¶ 6, 402 P.3d at 994 (summarily affirming where brief was "deficient in many respects"); *Berg v. Torrington Livestock Cattle Co.*, 2012 WY 42, ¶¶ 12–13, 272 P.3d 963, 966 (Wyo. 2012) (summarily affirming appeal when brief was deficient).

---

[3] The brief contains few citations to the record, and for the most part, those are improperly cited, referring to the pages in the pleadings and not record pages.

*CONCLUSION*

[¶15]  We summarily affirm the district court's order granting Wife's motion to alter or amend judgment pursuant to W.R.C.P. 59.  We decline to impose sanctions under W.R.A.P. 10.05.