# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 34

**OCTOBER TERM, A.D. 2024**

**March 26, 2025**

RODOLFO P. MUNOZ,

Appellant
(Plaintiff),

v.

STATE OF WYOMING; DEPARTMENT
OF FAMILY SERVICES; BASIN
AUTHORITY, WYOMING CHILD
SUPPORT AGENCY; CHARLOTTE
CHESHIER; TRACY HALEY; and JODIE
A. THOMPSON,

Appellees
(Defendants).

S-24-0298

*Appeal from the District Court of Big Horn County*
*The Honorable Bobbi Dean Overfield, Judge*

*Representing Appellant:*
   Rodolfo P. Munoz, pro se.

*Representing State of Wyoming, Department of Family Services, and Jodie A. Thompson:*
   Bridget Hill, Wyoming Attorney General; Mark A. Klaassen, Deputy Attorney General; Katherine Diane Kleve, Assistant Attorney General.

*Representing Basin Authority, Wyoming Child Support Agency; Charlotte Cheshier; and Tracy Haley:*
   Theodore R. Racines, Wyoming Local Government Liability Pool, Cheyenne, Wyoming.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, and JAROSH, JJ., and COOLEY, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**COOLEY, District Judge.**

[¶1]   In 2023, Basin Authority, a Wyoming Child Support Agency, notified Rodolfo P. Munoz that he was in arrears in his child support obligation and began garnishing his social security.   Mr. Munoz filed a complaint against the State of Wyoming, Wyoming Department of Family Services (DFS) and some of its employees (collectively referred to here as the State Defendants), and Basin Authority and several of its employees (the Basin Authority Defendants).   He alleged breach of contract and violations of due process under 42 U.S.C. § 1983.   After a hearing, the district court dismissed Mr. Munoz's complaint. Mr. Munoz appeals, and we summarily affirm.

## *ISSUES*

[¶2]   Invoking the First Amendment's free speech clause and the Fourteenth Amendment's due process clause, Mr. Munoz appears to raise two issues, though he does not specify what those issues are.   The dispositive issue is whether this Court should summarily affirm the dismissal of Mr. Munoz's complaint.

## *FACTS*

[¶3]   In 1981, Mr. Munoz and his former wife, Tencil Munoz, divorced.   The divorce settlement agreement, and resulting divorce decree, required Mr. Munoz to pay child support for their three children.   Mr. Munoz did not honor his support obligations and, in February 2001, was found in contempt of court.   The district court entered judgment against Mr. Munoz in the amount of $49,399.69, of which $49,379.69 represented the amount he owed in back child support, and ordered him to pay $50 per month toward satisfaction of the judgment.   Years passed, and in April 2021, the Department of Family Services and Basin Authority provided Mr. Munoz notice of its intent to collect past due child support, stating he owed $37,129.69.   Basin Authority issued an income withholding order to the Social Security Administration.

[¶4]   Mr. Munoz filed a complaint against the State Defendants and the Basin Authority Defendants alleging claims for breach of contract and violations of his civil rights under 42 U.S.C. § 1983.   Mr. Munoz alleged that he entered into an agreement with an attorney from the DFS Child Support Enforcement Program in which the Program waived a 21-year statute of limitations in exchange for Mr. Munoz's $50 per month payments on his child support arrears.   Mr. Munoz also claimed the agreement provided Basin Authority "would not come looking for [him] unless [he] failed to make a payment as agreed."   Mr. Munoz alleged the agreement was breached when Basin Authority sent the "letter requesting garnishing of wages."

[¶5]   The State Defendants filed a motion to dismiss Mr. Munoz's complaint, arguing he had not made allegations against them, and they were not subject to suit because they are

not "persons" within the meaning of § 1983. The Basin Authority Defendants also filed a motion to dismiss, claiming that a breach of contract claim is not actionable in a § 1983 action and that the alleged agreement is void and unenforceable. Following a hearing, the district court granted both motions to dismiss. Mr. Munoz filed an objection and response to the State Defendants' proposed order on the motion to dismiss and a motion for reconsideration, which were denied. Mr. Munoz appeals.

## DISCUSSION

[¶6]   This Court has the discretion to dismiss an appeal or summarily affirm a lower court's decision based upon the filing of a deficient brief or the failure to present cogent argument. *See* W.R.A.P. 1.03; *McInerney v. Kramer*, 2023 WY 108, ¶ 9, 537 P.3d 1146, 1148 (Wyo. 2023); *In Int. of BFW*, 2017 WY 64, ¶ 5, 395 P.3d 184, 185 (Wyo. 2017). While we "apply 'stringent standards . . . to formal pleadings drafted by attorneys,'" *McInerney*, ¶ 9, 537 P.3d at 1148 (citation omitted), we provide a "litigant acting pro se . . . 'a certain leniency' from the more stringent standards accorded formal pleadings drafted by lawyers." *Osborn v. Emporium Videos*, 848 P.2d 237, 240 (Wyo. 1993) (citation omitted); *see also Rammell v. Mountainaire Animal Clinic, P.C.*, 2019 WY 53, ¶ 14, 442 P.3d 41, 46 (Wyo. 2019) (contrasting leniency provided to pro se litigants with "stringent standards" applied to pleadings drafted by lawyers). Nevertheless, even pro se litigants must reasonably adhere to procedural rules and present cogent argument supported by pertinent authority. *See McInerney*, ¶ 9, 537 P.3d at 1148 (summarily affirmed where pro se litigant failed to comply with rules of appellate procedure and failed to present cogent argument); *Corrigan v. Vig*, 2020 WY 148, ¶ 7, 477 P.3d 87, 89 (Wyo. 2020) (same); *Harrison v. State*, 2020 WY 43, ¶¶ 2–3, 460 P.3d 260, 261 (Wyo. 2020) (same). Mr. Munoz failed to comply with the Wyoming Rules of Appellate Procedure and failed to present cogent argument.

[¶7]   W.R.A.P. 7.01 sets forth requirements for an appellant's brief. A brief must include a statement of jurisdiction and "a concise statement of the facts material to the finality of an order being appealed . . . [and] any other facts effecting jurisdiction and a reference to the provisions of statute, rule or case law on which jurisdiction rests." W.R.A.P. 7.01(d). Mr. Munoz's brief contains no such statement. In his statement of the issues, Mr. Munoz states that pursuant to article 5, section 3 of the Wyoming Constitution, this Court has original jurisdiction to hear the case. However, he does not provide any facts to establish this Court's jurisdiction. Mr. Munoz's brief does include a section entitled "Loss of Subject-Matter Jurisdiction" and refers to various statutes and caselaw, presumably implying that either the defendants lost jurisdiction in the underlying child support action, or the lower court lost jurisdiction because Mr. Munoz's constitutional rights were violated. It is unclear how this argument supports this Court's jurisdiction or his arguments on appeal.

2

[¶8]   Rule 7.01 also requires a "statement of the issues presented for review."  W.R.A.P. 7.01(e).  While Mr. Munoz refers to the First and Fourteenth Amendments in his issues statement, he does not otherwise specify his issues.

[¶9]   Mr. Munoz's statement of the case is equally deficient.  Rule 7.01(f) instructs that a brief must contain a "statement of the case, presented in any efficient order, identifying the nature of the case, setting out the facts relevant to the issues presented for review, describing the relevant procedural history, and identifying the rulings presented for review."  While Mr. Munoz cites numerous legal authorities in his statement of the case, he does not provide relevant facts about this case or the order or orders from which he is appealing.  Indeed, his statement of the case never describes the orders he is appealing and does not identify how he believes the district court erred.  Mr. Munoz states he is appealing his civil rights complaint.  A complaint is a filing made by a party in a lawsuit and is not an appealable order.[1]

[¶10] Rule 7.01(g) specifies that a brief must contain "[a]n argument . . . setting forth [the a]ppellant's contentions with respect to the issues presented . . . with citations to authorities . . . and pages of the designated record on appeal relied on" and "a concise statement of the applicable standard of review" for each issue.  Mr. Munoz failed to include a standard of review for either of his purported issues, and his brief contains no citations to the record.

[¶11] In addition to its procedural infirmities, Mr. Munoz's arguments are not supported by cogent argument or relevant legal authority.  His brief is nearly impossible to decipher.  While his brief contains numerous quotations from and citations to legal authorities, he makes no connection between these sources and the facts of this case, the order or orders from which he is appealing, or applicable standards of review.  He fails to explain how the cited legal sources support reversing the dismissal of his complaint.  Further, most of the authorities cited by Mr. Munoz are irrelevant to the allegations made in his complaint and the district court's subsequent orders.

[¶12] W.R.A.P. 1.03(a) states that a party's failure to comply with the appellate rules provides grounds "for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; monetary sanctions; award of attorney fees; dismissal; and affirmance."  Mr. Munoz has not complied with our appellate rules, and he has not presented cogent argument or pertinent legal authority.  Summary affirmance is appropriate. *See Burnett v. Burnett*, 2017

---

[1] Mr. Munoz's notice of appeal identifies four separate district court orders: (1) its Order After Hearing in which it denied Mr. Munoz's challenge to the notice of intent to collect child support and all "other outstanding motions"; (2) its order granting the defendants' motions to dismiss Mr. Munoz's amended complaint, which dismissed his § 1983 action; (3) its order denying Mr. Munoz's objection to the State Defendants' proposed order on their motion to dismiss; and (4) its order denying Mr. Munoz's motion for reconsideration.  *See* W.R.A.P. 2.07(a)(2).  However, Mr. Munoz's brief does not present argument regarding any of these orders.

WY 57, ¶¶ 7–8, 394 P.3d 480, 482–83 (Wyo. 2017) (summarily affirming where appellants brief failed to comply with appellate rules and presented legal arguments "entirely unrelated to the issues" on appeal).  *See also McInerney*, ¶ 9, 537 P.3d at 1148 (citing cases).

### *CONCLUSION*

[¶13]  We summarily affirm the district court's order dismissing Mr. Munoz's complaint.