# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 71

APRIL TERM, A.D. 2025

June 27, 2025

LATOYA L. ADAMS f/k/a LATOYA L.
GALLEGOS,

Appellant
(Plaintiff),

v.

DOMINICK A. GALLEGOS,

Appellee
(Defendant).

S-25-0041

*Appeal from the District Court of Laramie County*
*The Honorable Robin S. Cooley, Judge*

*Representing Appellant:*
    LaToya L. Adams, pro se.

*Representing Appellee:*
    No appearance.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL, Justice.**

[¶1]    LaToya Adams (Mother) and Dominick Gallegos (Father) are divorced.  Under a district court order, Father has primary physical custody of the couple's minor children.  Relevant to this appeal, Mother filed a motion for an order to show cause seeking to hold Father in contempt of the custody order.  The district court denied the motion, and Mother appeals.  Due to deficiencies in the appeal, we summarily affirm.

## ISSUES

[¶2]    Mother presents four issues.  The first three are hard to decipher as they assert facts seemingly unrelated to the matter at hand and untethered to cogent argument.  Mother's fourth issue, however, is understandable and largely determinative:

> "Are any of [Mother's] other arguments adequately supported by pertinent authority or cogent argument so as to permit review?"

## FACTS[1]

[¶3]    In August of 2023, the district court issued an order modifying custody, visitation, and child support between Mother and Father.  The order granted Father physical custody of the minor children.  The order granted Mother visitation as Father "deems safe and appropriate."  The order additionally stated that the children were to remain in counseling for as long as it was recommended, and the parties shall "follow the guidance and recommendations of doctors or counselors as it pertains to visitation with mother."

[¶4]    At the hearing on this matter, the district court heard testimony that Father had not allowed Mother to have contact with the children because of safety concerns.  One of the children, Y.G., had significant mental health issues and contact with Mother caused an increase in her behavioral problems.  Y.G.'s therapist recommended that she have no contact with Mother at this time.  The district court also noted that an affidavit filed by Mother contained several disconcerting statements about Y.G.'s safety which raised concerns about Mother's own ongoing mental health struggles.

---

[1] Mother did not designate a record on appeal in accordance with W.R.A.P. 3.05(b).  Thus, this Court has no record to review.  The facts presented here are gathered from the district court's Order Denying Plaintiff's Motion for Order to Show Cause dated October 24, 2024, which Mother also did not attach to her brief as required by W.R.A.P. 7.01(k).  We take judicial notice of the district order simply to help understand the nature of the case we are asked to review. *Hultgren v. State*, 2011 WY 139, ¶ 6, n.1; 261 P.3d 753, 754, n.1 (Wyo. 2011) (noting this Court can take judicial notice of orders not included in the record, because a court may "take judicial notice of its own records in the case before it or in a case closely related to it." *State in Interest of C.*, 638 P.2d 165, 172, n. 10 (Wyo.1981); *Wayt v. State*, 912 P.2d 1106, 1109 (Wyo.1996)).

[¶5]   The district court denied Mother's motion for an order to show cause. The court reasoned that the custody order states Mother may only have visitation with the children if Father deems it safe and appropriate and that the parties must follow the guidance and recommendations of the children's counselors related to visitation with Mother. Y.G.'s therapist determined it was not safe or appropriate for Y.G. to have contact with Mother. Father also had a good faith belief that visitation with Mother was not safe or appropriate.

[¶6]   The district court concluded Father had not violated the custody order. Accordingly, the district court found no basis upon which to hold Father in contempt.

## DISCUSSION

[¶7]   Under W.R.A.P. 1.03, this Court has discretion to summarily affirm a district court's decision based upon the filing of a deficient brief. *Anderle v. State*, 2022 WY 161, ¶ 18, 522 P.3d 151, 154 (Wyo. 2022). We apply strict standards to formal pleadings drafted by attorneys but afford pro se parties some leniency in their filings. *Hodson v. Sturgeon*, 2017 WY 150, ¶ 3, 406 P.3d 1264, 1265 (Wyo. 2017) (quoting *Young v. State*, 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002)). Even so, pro se parties must reasonably adhere to the procedural rules and requirements of this Court. *Id.*

[¶8]   Mother's brief fails to comply with the rules of appellate procedure in multiple essential respects. Mother's brief appears to contain two separate substantive documents, one titled Supplemental Memorandum Brief and one titled Motion to File Brief as Amicus Curiae. These documents appear to be accompanied by eight different appendices with various titles and purporting to make various motions, take various actions, or give various notices.[2]

[¶9]   While some of the documents appear to state facts, they contain no citations to the record to support those facts. This is unsurprising because Mother did not designate a record on appeal, making citing to the record nearly impossible. Mother was required to designate for transmission to this Court "all parts of the record ... to which [she] intends to direct the particular attention of the appellate court." W.R.A.P. 3.05(b). As the appellant, Mother had the burden of providing this Court with a complete record on which to base a decision. *Orcutt v. Shober Inv., Inc.*, 2003 WY 60, ¶ 9, 69 P.3d 386, 389 (Wyo. 2003) (citing *Parsons v. Parsons*, 2001 WY 62, ¶ 11, 27 P.3d 270, ¶ 11 (Wyo. 2001); *G.C.I., Inc. v. Haught*, 7 P.3d 906, 911 (Wyo. 2000)). She did not do so. Additionally, considering the district court's order, it seems unlikely that the facts Mother recited pertain to the show

---

[2] After this appeal had been assigned to the brief-only docket, Mother filed three additional documents: 1) Motion for a Stay of Execution, 2) Motion for Habeas Corpus, and 3) Petition for Permission to File Pro Se. These motions are not proper or well-founded in the context of this appeal. We, therefore, deny all three.

cause matter before the court. Instead, it seems those facts were never before the district court or perhaps relate to the original custody matter.

[¶10] Mother appears to have tried to utilize W.R.A.P. 3.03, which allows an appellant to "prepare a statement of the evidence or proceedings from the best available means including appellant's recollection." W.R.A.P. 3.03. However, because we have no record to review, we cannot determine whether the statement was filed in the district court or served on appellee within thirty-five days of filing the notice of appeal as required by Rule 3.03. We also cannot determine that the trial court entered an order "approving the statement of evidence" as contemplated by the rule. W.R.A.P. 3.03.

[¶11] Furthermore, contrary to W.R.A.P. 7.01, Mother's documents contain no table of contents, no table of cases and other authorities, no statement of jurisdiction, no statement of the case with citations to the record, no concise statement of an applicable standard of review, and no decipherable argument explaining how the district court erred. *See* W.R.A.P. 7.01. The requirements of Rule 7.01 are not meaningless obstacles to obtaining this Court's review but rather are necessary requirements allowing the Court to draft organized, thoughtful, and analytical opinions on well-defined issues. *Cor v. Sinclair Servs. Co.*, 2017 WY 116, ¶ 6, 402 P.3d 992, 994 (Wyo. 2017) (citing *In re KD*, 2001 WY 61, ¶ 9, 26 P.3d 1035, 1036–37 (Wyo. 2001)).

[¶12] In terms of "well-defined issues," as noted above, although Mother's documents suggest four issues, for the most part those issues do not seem related to the district court order being appealed. Except for Mother's fourth issue about cogent argument, the issues seem to pertain to the original custody matter or generally make assertions about Father and his fitness to have custody of the children.

[¶13] More importantly, and in answer to Mother's fourth issue, the issues outlined are not supported by cogent arguments. The longstanding rule of this Court is to summarily affirm "cases or issues in cases that are not presented with cogent argument or pertinent authority." *In Int. of BFW*, 2017 WY 64, ¶ 5, 395 P.3d 184, 185 (Wyo. 2017) (quoting *Hamburg v. Heilbrun*, 891 P.2d 85, 87 (Wyo.1995); *See also*, *Small v. Convenience Plus Partners, Ltd.*, 6 P.3d 1254, 1256 (Wyo. 2000)); and *State ex rel. Reece v. Wyoming State Bd. of Outfitters & Prof'l Guides*, 931 P.2d 958, 959 (Wyo.1997). When a brief contains no cogent argument or pertinent authority, we have consistently refused to consider the appeal, whether the brief is filed by a pro se litigant or filed by counsel. *McInerney v. Kramer*, 2023 WY 108, ¶ 9, 537 P.3d 1146, 1148 (Wyo. 2023) (citing *Corrigan v. Vig*, 2020 WY 148, ¶ 7, 477 P.3d 87, 89 (Wyo. 2020); *Harrison v. State*, 2020 WY 43, ¶¶ 2–3, 460 P.3d 260, 261 (Wyo. 2020); and *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo. 1995)). Regarding pertinent authority, Mother did cite some Wyoming statutes and case law, but those citations are not developed into cogent arguments that can be addressed by this Court.

[¶14] We have carefully reviewed Mother's documents and find that they contain numerous procedural infirmities, do not include valid legal contentions, and are confusing at best. Having no record to review or any other means to question the district court's decision, we must assume the decision was in accord with the law.[3] *Orcutt*, ¶ 10, 69 P.3d 386, 389 (citations omitted).

[¶15] We summarily affirm the district court's order.

---

[3] Father provided notice that he would not file a brief in this matter. We, therefore, did not have appellee arguments to consider.