PER CURIAM.
The final judgment entered by the trial court on May 12, 1992, was in error in respect to paragraph 6 thereof, which reads:
6. The owner of the land subject to the easement (servient estate-Oldham) may utilize the easement in any manner not interfering with the defendant’s use of the easement or acting to devalue his property or to create a poor aesthetic appearance. The defendant is not entitled to access onto his property from any point along the property line but only a reasonable access entrance into his property. Plaintiffs are not forbidden to plant foliage or to construct a nice privacy wall or fence in harmony with the aesthetic appearance of defendant’s property along the easement boundary for privacy so long as it does not obstruct or unreasonably interfere with the defendant’s right of access to his homestead via the easement.
The foregoing paragraph is stricken in its entirety for the reason that the defendant below, James Anderson, is entitled to unrestricted access to parcel 1 of his property via the disputed easement and the plaintiffs, John E. Oldham and K. Elsie Oldham, are not entitled to construct a privacy fence on the easement but may do so on their own property immediately westerly thereof. See Hoff v. Scott, 453 So.2d 224 (Fla. 5th DCA 1984).
We also find that the trial judge below erred in his failure to award attorney’s fees to the defendant Anderson pursuant to section 57.105, Florida Statutes (1991). Accordingly, we strike paragraph 6 of the final judgment, we reverse the denial of attorney’s fees to the defendant, and we remand for a determination by the trial court of an appropriate attorney’s fees award for Anderson.
REVERSED AND REMANDED.
COBB and THOMPSON, JJ., concur.
HAUSER, J.C., Associate Judge, concurs specially with opinion.