2006 WY 147

**Philip L. HOY and Philip's Welding Service, Inc., a Wyoming corporation, Appellants (Plaintiffs),**

v.

**K.C. MILLER; Douglas D. Miller; and Mary S. Miller; Kathryn Armstrong Stolecki; John Miller, Jr., individually and as trustee of the John C. Miller Trust created 9/27/93; Debbie Elder Puckett; Walter F. Scott, Jr. and Brownie Scott, individually and as co-trustees of the Scott Family Revocable Trust dated 8/23/95; Ann Spaulding; Karen Thompson; Mike W. Miller; Judy L. Woodworth; Laura L. Bendrick; Marsha Anderson; and Michael Jerry Scott, Appellees (Defendants).**

No. 05–294.

Supreme Court of Wyoming.

Nov. 15, 2006.

Representing Appellants: Virgil G. Kinnaird of Kinnaird Law Office, P.C., Sheridan, Wyoming.

Representing Appellees: Patrick G. Davidson, Matthew R. Sorenson, and Tad T. Daly of Daly Law Associates, LLC, Gillette, Wyoming. Argument by Mr. Daly.

Before VOIGT, C.J., and GOLDEN, HILL,* KITE, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellees, K.C. Miller, et al. (hereinafter referred to collectively as "Miller"), own and operate a stock reservoir located south and east of real property owned by Philip Hoy and Philip's Welding Services, Inc. (hereinafter referred to collectively as "Hoy"). Hoy sued Miller, claiming that water seeping out of Miller's reservoir had damaged his property. At trial, Hoy alleged that Miller was absolutely liable for any damages caused by seepage from the reservoir. After a bench trial, the district court held that the theory of absolute liability does not apply to the instant facts. Applying a regular negligence standard, the district court held that there was insufficient evidence to support a claim of negligence against Miller and dismissed Hoy's complaint. We affirm.

## ISSUES

[¶ 2] Hoy presents two arguments on appeal:

A. The District Court erred in its application of a negligence standard in finding that there was no breach of duty or, stated in the alternative, failing to find that [Miller] ha[s] produced no evidence of the exceptions to absolute liability.

B. The District Court erred in finding no proximate cause.

## FACTS

[¶ 3] The properties in question are located north of Gillette. Miller's property contains a stock reservoir, which has been there for more than 45 years. The reservoir is an on-channel reservoir filled by Little Rawhide Creek. Little Rawhide creek flows generally south to north, through Miller's property and then through Hoy's property. Hoy's property is down gradient from the reservoir.

[¶ 4] Little Rawhide Creek is a seasonal creek, usually drying up in the summer or fall. Miller's stock reservoir also historically dried up on occasion during the summer. In 2001, Miller had the reservoir reworked, primarily desilted, to improve its capacity to hold water. After the reservoir was reworked, the reservoir held water better and no longer dried up, even when Little Rawhide Creek dried up.

[¶ 5] It is agreed that the actual dam for the reservoir does not leak. Rather, Hoy alleges that water seeps through the bottom of the reservoir and runs down to his property, thereby creating a high groundwater problem for him. Hoy alleges that the raised groundwater level has caused damage to his septic system and several structures on the property. Hoy began noticing the damage in 1999.

[¶ 6] In 2003, Hoy filed a complaint against Miller entitled "Complaint for Negligent Operation of Reservoir and Injunction." Ultimately a three-day bench trial ensued. At the end of Hoy's case, Miller moved for a directed verdict, arguing that the elements of negligence had not been satisfactorily proven. Hoy responded by arguing that the case was not a negligence action, but rather an action resting on the theory of absolute liability. Miller objected, arguing that Hoy's complaint stated a claim for negligence and contained no mention of absolute liability. The district court took the motion for a directed verdict under advisement, and Miller presented his case.

[¶ 7] At the end of the trial, the district court issued a decision letter in which it expressly analyzed and rejected the application of absolute liability. Applying a negligence standard, the district court ruled that Hoy had failed to prove any potential seepage from the reservoir was the proximate cause of his alleged damages. The district court accordingly dismissed Hoy's complaint

---

* Chief Justice at time of oral argument.

with prejudice. Hoy instituted the instant appeal.

## DISCUSSION

### *Standard of Review*

[¶ 8] Our review on appeal from a bench trial is well-settled and oft repeated. This Court reviews a trial court's conclusions of law de novo. Unlike the limited review afforded to jury findings, this Court reviews a trial judge's factual findings of fact to determine if they are clearly erroneous. *Mullinnix LLC v. HKB Royalty Trust*, 2006 WY 14, ¶ 12, 126 P.3d 909, 916 (Wyo.2006); *Fraternal Order of Eagles Sheridan Aerie No. 186, Inc. v. State ex rel. Forwood*, 2006 WY 4, ¶ 24, 126 P.3d 847, 857 (Wyo.2006). A finding is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that, on the entire evidence, a mistake has been committed. We are mindful of the fact that our review does not entail re-weighing disputed evidence, and we cannot substitute our judgment for that of the trial court. *Id.*

[¶ 9] We begin our review therefore with a presumption that the trial court's findings of fact are correct. In reviewing the findings of fact,

[t]here are settled appellate concepts which we follow, all for the most part favorable to the party prevailing in the trial court. An appealing party has a heavy burden to overcome. We must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party that conflicts with it and give the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it. In this case, there were special findings of fact which must be construed liberally and favorably to the judgment. We presume that they are right and where the findings of the trial court are not inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence, they will not be disturbed on appeal. Moreover, the trial judge was present and observed at first hand the demeanor and expressions of the witnesses. We must not forget that when we examine the cold words of the transcript of testimony, we do not have the benefit of how the trial judge sees and hears the witness—the pitch of the voice, facial changes, the movement in the witness—all of which may tell a separate story, to be given credence. The conclusion of what preponderates is with the trier of fact. Credibility of witnesses is for the trial court. Appellate courts cannot try a case de novo.

*Madrid v. Norton*, 596 P.2d 1108, 1117 (Wyo. 1979) (citations omitted).

### *Absolute Liability and Proximate Cause*

[¶ 10] Absolute liability is "liability without fault—liability for which there is no excuse." *Wheatland Irrigation Dist. v. McGuire*, 537 P.2d 1128, 1132 (Wyo.1975). In other words, absolute liability is imposed upon certain conduct, regardless of whether or not such conduct is negligent. Even if liability is absolute, however, such liability extends only to damages proximately caused by the alleged harmful conduct. *Rylands v. Fletcher*, (1866) L.R. 1 Exch. 265, 279 (one is absolutely liable only for the "natural and anticipated consequences" of his actions), aff'd (1868) L.R. 3 H.L. 330. Thus, we need not decide the issue of whether Miller is subject to absolute liability if, as the district court found, Hoy's alleged damages were not proximately caused by any conduct of Miller. Since the existence of proximate cause is a question of fact, *Lynch v. Norton Const., Inc.*, 861 P.2d 1095, 1099 (Wyo.1993), the district court's finding on proximate cause will not be set aside unless clearly erroneous.

[¶ 11] Hoy's theory of causation was that water seeped out of the bottom of Miller's reservoir and down to his property, causing his high groundwater problem. Roughly, Hoy attempted to support his theory with evidence on four main points: 1) his property is down gradient from Miller's reservoir; 2) the bottom of the reservoir is comprised of porous sand; 3) more water goes into the reservoir than comes out of it; and 4) there is a correlation between high water levels in the reservoir and high groundwater levels at his property. In addi-

tion to his own testimony, Hoy presented one expert witness to testify on the issue of causation, Walter Merschat. Mr. Merschat summed up the theory of causation by stating: "Water flows downhill and it goes through porous sediments. That's all you need to know."

[¶ 12] It would serve no purpose to regurgitate the evidence in full. In general, Mr. Merschat testified as to the methodology he used in reaching his conclusion. In response, Miller presented three experts. All three experts discredited Mr. Merschat's methodology and rejected his conclusion. They all agreed that Mr. Merschat's investigation was not thorough enough to allow for Mr. Merschat to validly conclude that there was any correlation between water in the reservoir and Hoy's high groundwater. Among the criticisms against Mr. Merschat's opinion were that Mr. Merschat: failed to adequately account for seasonal and annual groundwater level fluctuations, which could be as high as six feet; ignored inspection reports from the Department of Environmental Quality relating to the Hoy property; and failed to conduct appropriate sub-surface testing. As one expert opined, Mr. Merschat's ultimate conclusion was based on "poor science." There was also evidence from several sources, including Hoy himself, that Hoy's property, as well as some of the surrounding property, had been subject to high groundwater conditions dating back to at least 1985. Given this evidence, we find no basis for concluding that the district court's findings were clearly erroneous.

## CONCLUSION

[¶ 13] Regardless of the theory of liability, Hoy still needed to present sufficient proof that his damages were caused by seepage from Miller's reservoir. The district court found that Hoy had failed to fulfill this burden. Upon review of the record, we find ample evidence supporting the decision of the district court. Affirmed.