# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-3358

_____

EDWARD F. BOROWSKI, JR.,

Appellant,

v.

JEFFREY E. FERRER,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Karen K. Cole, Judge.

September 5, 2018

OSTERHAUS, J.

Edward F. Borowski, Jr. appeals an order denying his motion to amend the final summary judgment. The final judgment at once enjoined his next-door neighbor, Jeffrey E. Ferrer, from blocking access to his side-yard easement with a fence, but then authorized Mr. Ferrer to build a new fence along a different line that would also obstruct access to his easement. We reverse because the judgment authorizes Mr. Ferrer to rebuild the fence in a place that would obstruct access to the easement.

## I.

Mr. Borowski filed suit in the Circuit Court of Duval County against his next-door neighbor, Mr. Ferrer, seeking the removal of a fence that interfered with an easement that provided a four-foot

swath that allowed Mr. Borowski to access the side of his house. The Covenants and Restrictions provides Mr. Borowski with "a four (4) foot perpetual easement within the lot line of the adjoining lot . . . for the purpose of construction and maintaining the dwelling and lawn between the dwelling and side lot line."

Prior to the fall of 2012, Mr. Ferrer had a fence between his property and Mr. Borowski's property, connecting to Mr. Borowski's residence. Mr. Borowski was able to access the side of his property through a gate in the fence. After a neighborly conflict arose, however, Mr. Ferrer refused to permit Mr. Borowski access through the gate. After unsuccessful attempts to resolve the issue through the homeowners' association, Mr. Borowski filed suit and sought injunctive relief.

When Mr. Borowski sought summary judgment on his claim, the court held a hearing and entered final summary judgment for Mr. Borowski. Well, sort of. The order at once required Mr. Ferrer to "remove the portion of his fence which encroaches upon property owned by his next-door neighbor," but went on to say that "[i]f Defendant elects to rebuild a fence to replace the removed one, he shall build it on his property lines . . . ." The order's approval of a new fence built along the property line renewed the prospect that Mr. Borowski's four-foot perpetual easement on Mr. Ferrer's lot would remain blocked by a fence. And so, Mr. Borowski filed a motion to rehear and amend the final summary judgment, requesting the fence be built "no less than four (4) feet within Defendant's adjoining property line." But the court denied Mr. Borowski's motion.

## II.

One reason that this court will reverse and remand orders that are appealed is to correct internal inconsistencies. *See, e.g.*, *Mitchell v. XO Commc'ns.*, 966 So. 2d 489, 490 (Fla. 1st DCA 2007) ("Because the . . . final order is inconsistent in its findings of fact and conclusions of law, we REVERSE the final order and REMAND for additional proceedings."); *City of W. Palm Beach Fire Dep't v. Norman*, 711 So. 2d 628, 630 (Fla. 1st DCA 1998) ("[T]he order is internally inconsistent. In one part of the order, the judge awarded temporary partial disability benefits from February 4,

1995, through March 1996 and in another part of the order, the judge awarded these benefits from February 4, 1995, through the present and continuing. This inconsistency must be corrected on remand."); *S. Fla. Water Mgmt. Dist. v. Ciacci*, 647 So. 2d 203, 205 (Fla. 1st DCA 1994) ("[T]he order is internally inconsistent. Because of this inconsistency . . . we reverse and remand for further clarification . . . ."). This rule applies equally to cases involving property disputes. *See, e.g.*, *Anderson v. Oldham*, 622 So. 2d 544, 545 (Fla. 5th DCA 1993) (striking an order because the owner of the servient estate was not entitled to construct a privacy fence directly on an easement, but only on his own property immediately westerly thereof).

As with the fence built on an easement in *Anderson*, the order below gave Mr. Ferrer authorization to rebuild a fence "on" the property line, which would obstruct and interfere with Mr. Borowski's right of access to his four-foot easement on Mr. Ferrer's lot. By enjoining Mr. Ferrer from obstructing Mr. Borowski's access to his easement in one paragraph, but allowing Mr. Ferrer to build a new fence that would similarly obstruct the easement in a later paragraph, the court's order created an internal inconsistency, which must be corrected. If Mr. Ferrer constructs a fence between the parties' properties, it cannot be built on the property line, which would block access to the easement. Rather, the fence must preserve Mr. Borowski's four-foot easement on Mr. Ferrer's lot.

### III.

For these reasons, we reverse and remand for further consideration consistent with this opinion.

REVERSED and REMANDED.

WINOKUR and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

R. Kyle Gavin, Liles Gavin, P.A., Jacksonville, for Appellant.

Jeffrey E. Ferrer, pro se, Appellee.