# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 98

APRIL TERM, A.D. 2021

August 31, 2021

TIMOTHY S. O'ROAKE,

Appellant
(Respondent),

v.

STATE OF WYOMING, ex rel. DEPARTMENT
OF FAMILY SERVICES, CHILD SUPPORT
ENFORCEMENT DIVISION,

Appellee
(Petitioner),

and

REGINA G. RIDGWAY,

Appellee
(Respondent).

S-21-0017

*Appeal from the District Court of Big Horn County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*
　　Letitia Abromats, Letitia C. Abromats, PC, Greybull, Wyoming.

*Representing Appellee State of Wyoming, ex rel. Department of Family Services, Child Support Enforcement Division:*
　　Bridget Hill, Wyoming Attorney General; Misha Westby, Deputy Attorney General; Jill E. Kucera\*, Senior Assistant Attorney General; Wendy S. Ross, Senior Assistant Attorney General.

*Representing Appellee Regina G. Ridgway:*
        Regina G. Ridgway, pro se.  No appearance.

*Before FOX, C.J., and DAVIS[†], KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\* Order Allowing Withdrawal of Counsel entered August 9, 2021.*
*[†] Chief Justice at time of brief-only conference.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]   Timothy S. O'Roake (Father) challenges a child support order requiring him to pay post-majority support for his child, ZAO, while ZAO is attending college.  He asserts the district court abused its discretion when it found ZAO's phenylketonuria (PKU) renders him disabled and incapable of self-support.  Father also claims the district court violated Father's due process rights when it addressed post-majority support under Wyo. Stat. Ann. § 14-2-204(a)(i) when no claim for post-majority support was pleaded.  We reverse and remand.

### ISSUES

[¶2]   The dispositive issue is:

> Did the district court abuse its discretion when it ordered post-majority support?[1]

### FACTS

[¶3]   Father and Regina G. Ridgway (Mother) are the parents of ZAO, who was born in December 2002.  Mother is ZAO's primary custodian.  Father's child support obligation was originally established in a 2004 Oregon court order.  The Oregon support order was registered in Wyoming after both parents relocated here.[2]   In 2014, Wyoming's Department of Family Services, Child Support Enforcement Division (DFS) successfully petitioned to modify child support.

[¶4]   At issue is DFS's second motion to modify support filed in May 2020.  A court commissioner held an unreported hearing on the motion.[3]  The district court adopted the

---

[1] Father also contends that the district court violated his right to due process by ordering post-majority support after ZAO graduated from high school when he had no notice of DFS's claim in that regard. Although Father's concern may be legitimate, we do not reach his alleged deficiencies in notice because we reverse and remand on other grounds. *See Int. of RR*, 2021 WY 85, ¶ 77, 492 P.3d 246, 266 (Wyo. 2021); *In Int. of ECH*, 2018 WY 83, ¶ 20, 423 P.3d 295, 302 (Wyo. 2018) (finding juvenile court violated appellant's statutory rights and therefore declining to address due process claim); *see also Wilson v. Bd. of Cnty. Comm'rs of Cnty. of Teton*, 2007 WY 42, ¶ 14, 153 P.3d 917, 922 (Wyo. 2007) (Court will not address constitutional issues if it is able to resolve the case on other grounds).

[2] Father now resides back in Oregon.

[3] Based on the record before us, we cannot determine whether the district court's reliance on the court commissioner complied with statutory limitations. *See BAC v. BLM*, 2001 WY 83, 30 P.3d 573 (Wyo. 2001).  Wyo. Stat. Ann. § 5-3-307(a)(v) requires a commissioner to "take evidence and make findings, and report the same to the district court."  No such report appears in the record.  *BAC* requires that the district court independently review the evidence and findings to reach an informed decision.  *BAC*, ¶ 15, 30 P.3d at 578.  *See also Harris v. Harris*, 948 P.2d 405, 407 (Wyo. 1997) ("[A] district court must

1

court commissioner's recommended order. In its decision letter, the district court found that child support should be modified. The court calculated Father's presumptive child support to be $785 per month. The court found that ZAO suffers from PKU, a metabolic disorder that requires a special diet, Mother spends $750 per month for food and milk necessary to treat ZAO's PKU, and an upward deviation to child support of $375 per month (half the cost of ZAO's PKU diet) appropriate. The district court ordered Father to pay monthly child support of $1,160 and to continue paying support of $375 per month after high school "as long as the child is enrolled full-time in college."

[¶5]   Father appealed, submitting a Statement of Record Pursuant to W.R.A.P. 3.03. The district court settled the record, adopting Father's statement "to the extent it is not inconsistent with the facts set forth in the decision letter and the final order."[4]

## I.    *Did the district court abuse its discretion when it ordered post-majority support?*

### A.    Standard of Review

[¶6]   Child support determinations "are left to the district court's sound discretion." *Kimzey v. Kimzey*, 2020 WY 52, ¶ 13, 461 P.3d 1229, 1235 (Wyo. 2020) (quoting *Bagley v. Bagley*, 2013 WY 126, ¶ 6, 311 P.3d 141, 143 (Wyo. 2013)). "Therefore, we review the district court's order on child support for an abuse of discretion." *Kimzey*, ¶ 13, 461 P.3d at 1235; *Stevens v. Stevens*, 2014 WY 23, ¶ 8, 318 P.3d 802, 805–06 (Wyo. 2014). "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances." *Kimzey*, ¶ 13, 461 P.3d at 1235 (quoting *Stevens*, ¶ 8, 318 P.3d at 806).

### B.    Analysis

[¶7]   A parent's legal obligation for the support of his child "continues past the age of majority in cases where the [child is]: (i) Mentally or physically disabled and thereby incapable of self-support . . . ." Wyo. Stat. Ann. § 14-2-204(a)(i) (LexisNexis 2021).

---

independently review the evidence de novo and issue an order based upon that independent review."); *see also May v. May*, 945 P.2d 1189, 1192 (Wyo. 1997) ("[T]he record should clearly indicate that the district court has independently reviewed the evidence and findings and reached its decision accordingly." (quoting *Foster v. Foster*, 768 P.2d 1038, 1042 (Wyo. 1989))). Here, compliance with the directive in *BAC* and *May* would seem to be impossible given that no transcript or other record of proceedings was available to review. As the parties did not raise this issue, we do not address it.

[4] We are at a loss to see how the district court could, as a practical matter, settle the record of a case in which it did not conduct the evidentiary hearing and where no transcript or electronic recording of the court commissioner's hearing was available. *See supra* note 3.

[¶8]   In its decision letter, the district court made the following relevant findings: "[T]he minor child suffers from a mental or physical disorder, phenylketonuria disorder, and is unable to support himself due to that disorder.  It would be unjust and inappropriate for [Mother] to continue to pay all the related expenses without contribution from [Father]." The district court ordered Father to continue to pay half of the dietary costs ($375 per month) after high school "so long as the child is enrolled full-time in college."

[¶9]   Father argues that the district court abused its discretion in ordering post-majority support because there was no evidence at the hearing indicating that ZAO was mentally or physically disabled or that he was incapable of self-support.  *See Pauling v. Pauling*, 837 P.2d 1073, 1080 (Wyo. 1992) (concluding the district court could not order post-majority support where "no evidence was introduced concerning the daughter's physical or mental inability to become emancipated").[5]

[¶10]  The record before the Court does not establish that the district court's findings were unsupported by the evidence at the hearing of this matter.  Nonetheless, we conclude the district court abused its discretion.  Our concern stems from the inconsistencies evident in the court's findings and conclusions.

[¶11]  The district court found ZAO incapable of self-support because of his PKU but ordered Father to pay for ZAO's dietary needs **only if ZAO is enrolled full-time in college**.  Either ZAO is capable of self-support, or he is not.  In conditioning post-majority support on college attendance, the district court's order contradicts its finding that ZAO is incapable of self-support.  This Court cannot reconcile the inconsistency.

[¶12]  Courts will reverse and remand orders to correct internal inconsistencies.  *See, e.g.*, *In re Soran*, 2014 WY 28, ¶ 20, 319 P.3d 109, 115–16 (Wyo. 2014) (stating that

---

[5] Father's W.R.A.P. 3.03 statement, contains the following facts regarding ZAO's PKU:
- ZAO has PKU, which requires a special diet.
- ZAO's diet is not covered by insurance.
- ZAO's diet costs $700 to $800 per month.
- ZAO applied to Sheridan College and hopes to get a business degree.
- ZAO plays football and is involved in Future Farmers of America.
- On cross-examination, Father testified he did not know the following:
  - What is in ZAO's 50[4] plan.
  - ZAO gets extra time to take tests.
  - ZAO was fired from his restaurant job because of an inability to concentrate when PKU is high.
  - If ZAO attends Sheridan College, he will get free tutoring.
  - ZAO sits the bench on the football team.
  - ZAO "had Ds and Fs and was barely passing" during the last three years of high school.

The district court adopted Father's W.R.A.P. statement "to the extent it is not inconsistent with the facts set forth in the decision letter and the final order."

"[g]iven the inconsistencies in the district court's findings, we are left with a firm conviction that the court erred" and reversing and remanding "for entry of a distribution order that is supported by findings sufficient to show application of the appropriate burden of proof"); *Borowski v. Ferrer*, 255 So. 3d 440, 441 (Fla. Dist. Ct. App. 2018) (reversing and remanding order that contained internal inconsistency); *Mitchell v. XO Commc'ns*, 966 So. 2d 489, 490 (Fla. Dist. Ct. App. 2007) ("Because the . . . final order is inconsistent in its findings of fact and conclusions of law, we reverse the final order and remand for additional proceedings." (emphasis omitted)); *Matter of Worker's Comp. Claim of Vinson*, 2020 WY 126, ¶ 34, 473 P.3d 299, 311 (Wyo. 2020) (finding that OAH's inconsistent decision was "arbitrary and capricious"); *Courtney v. Courtney*, 550 S.W.3d 522, 527 (Mo. Ct. App. 2017) ("A judgment based on inconsistent and ambiguous findings does not allow for adequate appellate review and must be reversed and remanded." (quoting *McGahan v. McGahan*, 237 S.W.3d 265, 272 (Mo. Ct. App. 2007))); *Carlson v. Carlson*, 2011 ND 168, ¶ 19, 802 N.W.2d 436, 443 (reversing and remanding for clarification of conflicted findings); and *In re Marriage of Maninger*, 106 S.W.3d 4, 12 (Mo. Ct. App. 2003) ("We will not speculate on [the ruling] by sifting through [the inconsistencies].").

[¶13]  Given the inconsistencies between the district court's findings and conclusions, we are left with a firm conviction that the court abused its discretion.

## *CONCLUSION*

[¶14]  We reverse and remand to the district court for further proceedings to determine whether ZAO's PKU renders him "[m]entally or physically disabled and thereby incapable of self-support" under Wyo. Stat. Ann. § 14-2-204(a)(i).

4