# THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 102

APRIL TERM, A.D. 2025

September 23, 2025

MATTHEW R. STENSON,

**Appellant**
**(Defendant),**

**v.**

S-25-0052

NIKOLE M. STENSON,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Johnson County*
*The Honorable Darci A.V. Phillips, Judge*

*Representing Appellant:*
Brad M. Thimmesch of Yonkee & Toner, LLP, Sheridan, Wyoming.

*Representing Appellee:*
Amanda K. Achord of Lonabaugh and Riggs, LLP, Sheridan, Wyoming.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and Hill, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1]    Matthew Stenson (Father) appeals from the district court's order modifying the child support he pays to Nikole Stenson (Mother), for the benefit of the parties' two minor children.   Father claims the district court abused its discretion by miscalculating his income.   He claims the district court doubled his income when it included the excess distribution/capital gain and ordinary business income of a limited liability company he partially owns and the ordinary business income and distribution of an S-corporation he owns.   We reverse the district court's child support order and remand for further proceedings.

## ISSUE

[¶2]    Father presents one issue on appeal, which we rephrase as follows: Did the district court abuse its discretion when it calculated Father's income?

## FACTS

[¶3]    The parties divorced in 2021.  Father and Mother stipulated to joint legal and joint physical custody of their two minor children.  Because of Father's work schedule, Mother and Father agreed to a visitation schedule where Father would have the minor children every other week from October 1st through March 31st, with exchanges on Sunday at 6:00 p.m.; from April 1st through September 30th, Father would have the minor children the first, third, and last weekend of every month, with exchanges on Thursday and Sunday at 6:00 p.m.  The parties further agreed Father would pay Mother $1,700.00 per month in child support, which was an upward deviation from the statutory presumptive child support amount.

[¶4]    Mother works at Sheridan College during the school year and at Sheridan Memorial Hospital during the summer.  Father owns and operates two businesses: Stenson's Weed Service, Inc. (Stenson) and Back Country Spraying, LLC (Back Country).  Father owns and operates Stenson individually, and Stenson owns one half of Back Country with another company not owned or operated by Father.  Stenson is incorporated as an S-corporation and Back Country is incorporated as a limited liability company.   Both companies are structured as pass-through entities.  A pass-through entity is structured so a company's income and expenses are passed through to each individual shareholder and reported on each individual shareholder's tax return. *See Lemus v. Martinez*, 2019 WY 52, ¶ 10 n.4, 441 P.3d 831, 834 n.4 (Wyo. 2019) (*Lemus I*); *Comptroller of Treasury of Md. v. Wynne*, 575 U.S. 542, 546 n.1, 135 S. Ct. 1787, 1793 n.1, 191 L. Ed. 2d 813 (2015). Accordingly, based on the organization of Father's businesses, half of Back Country's net income is passed through and reported on Stenson's individual tax return, and Stenson's income is then passed through to Father individually.

1

[¶5]    In 2023, Father filed a petition to modify visitation because his work schedule was more flexible during the summer months than when the parties first divorced. He sought to modify the schedule by requesting alternating weekly visitation throughout the entire year instead of only in October through March. Mother filed a counter-petition and requested to modify custody, visitation, and child support. However, Mother dismissed her request to modify visitation and custody, and instead sought only to modify child support.

[¶6]    The district court held a bench trial on October 4, 2024. It took the matter under advisement and issued a written decision on November 25, 2024. The district court found Father failed to meet his burden of establishing a material change in circumstances and denied Father's request to modify visitation. The district court granted Mother's petition to modify child support and ordered Father to pay Mother $5,292.00 per month beginning December 1, 2024.

[¶7]    In calculating child support, the district court found Mother's net monthly income was $3,768.71. Using Father's 2022 tax return, Back Country's 2022 tax return, and the schedule K-1 from Stenson's 2022 tax return,[1] the district court calculated Father's net income by adding the investment income from Back Country, the income, distributions and gain on excess distributions from Stenson, and Father's wages from Stenson. The district court calculated Father's income as follows:

| **Income[2]** | | |
|---|---|---|
| Stenson Wages | $ | 50,000.00 |
| Investment Income | | 18,362.00 |
| Gain on Excess Distributions | | (6,997.00) |
| Stenson Income | | 210,307.00 |
| Stenson Distributions | | 228,669.00 |
| Back Country Depreciation/Amortization | | 35,095.00 |
| | | |
| Gross Annual Income | $ | 535,436.00 |
| Gross Income Per Month | $ | 44,619.66 |

---

[1] Father testified 2022 was the best year to use when calculating his income because 2022 was most representative of his income. Father stated his income for 2021 was skewed because of COVID and his income in 2022 was higher than in 2021. The record only contains Stenson's 2021 tax return and does not contain Stenson's 2022 tax return. However, the record contains the schedule K-1 from Stenson's 2022 tax return. Both of Father's 2021 and 2022 individual tax returns are in the record. At the time of trial, Father had not yet filed his 2023 income taxes.

[2] The amounts below are from the district court's Order Denying Petition to Modify Child Visitation and Order Granting Petition to Modify Child Support. Reviewing the order and Mr. Stenson's financial documents, it is apparent the district court rounded some of the amounts.

**Social Security and Medicare**

| | | |
|---|---|---|
| Stenson Self-Employment Tax | $ | 3,825.00 |
| Total Annual Social Security and Medicare | $ | 3,825.00 |
| Total Per Month | $ | 319.00 |

**Federal and Montana Income Tax**

| | | |
|---|---|---|
| Federal Income Tax | $ | 48,680.00 |
| Net Investment Tax | | 432.00 |
| Montana Tax | | 1,166.00 |
| Total Federal and Montana Income Taxes | $ | 50,278.00 |
| Total Per Month | $ | 4,190.00 |
| **Net Income Per Month** | **$** | **40,110.66** |

Although Father argued the distribution reported on his individual tax form is the summation of Stenson's income plus capital gains and including those numbers in any child support calculation would effectively double his income, the district court found Father did not present any credible evidence supporting this argument. The district court calculated Father's net monthly income at $40,110.66.

[¶8] Based on the district court's calculation of each party's net monthly income, the district court calculated presumptive child support as follows:

> **Child Support:**
> a. Mother's Net Monthly Income: $3,768.71.
> b. Father's Net Monthly Income: $40,110.66.
> c. Under a shared calculation, the parties['] joint support obligation is $6,170.20. Mother's portion of this amount is $439.32. Father's portion of this amount is $5,730.88. Current presumptive support amount is $5,291.57.

Father timely appealed the district court's calculation of his net monthly income.

## STANDARD OF REVIEW

[¶9] "We review the district court's order modifying Father's child support obligation for an abuse of discretion." *Corbitt v. Davidson*, 2023 WY 69, ¶ 12, 532 P.3d 660, 663 (Wyo. 2023).

> A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. Our review entails evaluation of the sufficiency of the evidence

3

to support the district court's decision, and we afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained.

*Lemus v. Martinez*, 2021 WY 66, ¶ 32, 486 P.3d 1000, 1011 (Wyo. 2021) (*Lemus II*) (quoting *Lemus I*, 2019 WY 52, ¶ 18, 441 P.3d at 835). We will not overturn a district court's child support decision "unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle." *Corbitt*, ¶ 12, 532 P.3d at 663 (quoting *Marquis v. Marquis*, 2020 WY 141, ¶ 20, 476 P.3d 212, 218 (Wyo. 2020)).

## DISCUSSION

[¶10] "Child support calculations are governed by statute." *Marquis*, 2020 WY 141, ¶ 21, 476 P.3d at 218 (citing Wyo. Stat. Ann. §§ 20-2-301 through -308). The first step in calculating presumptive child support is to determine each parent's income and net income. *Id.*; *Lemus I*, 2019 WY 52, ¶ 19, 441 P.3d at 836.

(ii) "Income" means any form of payment or return in money or in kind to an individual, regardless of source. Income includes, but is not limited to wages, earnings, salary, commission, compensation as an independent contractor, temporary total disability, permanent partial disability and permanent total disability worker's compensation payments, unemployment compensation, disability, annuity and retirement benefits, and any other payments made by any payor, but shall not include any earnings derived from overtime work unless the court, after considering all overtime earnings derived in the preceding twenty-four (24) month period, determines the overtime earnings can reasonably be expected to continue on a consistent basis. In determining income, all reasonable unreimbursed legitimate business expenses shall be deducted. . . .

(iii) "Net income" means income as defined in paragraph (ii) . . . less personal income taxes, social security deductions, cost of dependent health care coverage for all dependent children, actual payments being made under preexisting support orders for current support of other children, other court-ordered support obligations currently being paid and mandatory pension deductions. . . .

4

Wyo. Stat. Ann. § 20-2-303(a)(ii)–(iii).

[¶11] Father argues the district court miscalculated presumptive child support by effectively doubling his net income when it included Stenson's distribution to Father, Stenson's ordinary business income, Back Country's excess distribution/capital gain, and Back Country's unrecognized depreciation/amortization in its calculation of Father's net income. We agree the district court doubled Father's net income when it calculated child support.

[¶12] Father's tax returns reflect both of his businesses, Back Country and Stenson, are pass-through entities. A pass-through entity's earnings or income is not taxed at the corporate entity level but instead is passed through and taxed to the individual shareholders on a pro rata basis, which is determined by each shareholder's percentage of ownership interest in the corporation. *See Lemus I*, 2019 WY 52, ¶ 10 n.4, 441 P.3d at 834 n.4; *see also Harrison v. Harrison*, 949 N.W.2d 369, 383 (Neb. App. 2020); *J.S. v. C.C.*, 912 N.E.2d 933, 940 n.10 (Mass. 2009). The pass-through occurs and is reported on the individual shareholder's tax return whether or not the income is distributed to the individual shareholder. *J.S.*, 912 N.E.2d at 940 n.10; 35 Am. Jur. 2d *Federal Tax Enforcement* § 408 (May 2025 Update). The entity's various income, expenses, losses, credits, and other tax items pass through and are taxable to or deductible by each shareholder based on their pro rata share and are reported on each individual shareholder's tax return. *Harrison*, 949 N.W.2d at 383 (citation omitted); 35 Am. Jur. 2d *Federal Tax Enforcement* § 408. The allocations are itemized on an individual shareholder's schedule K-1, which is found in the corporation's tax return. *Harrison*, 949 N.W.2d at 383. "The function of a Schedule K–1 is to reflect a shareholder's share of the corporation's income[,]" and then the share is reported on the individual shareholder's tax return. *Teeples v. Teeples*, 2012 WY 127, ¶ 5 n.1, 286 P.3d 134, 135 n.1 (Wyo. 2012); 35 Am. Jur. 2d *Federal Tax Enforcement* § 408.

[¶13] Here, the district court calculated child support using the amounts on Back Country's 2022 tax return, Mr. Stenson's individual 2022 tax return, and the schedule K-1 from Stenson's 2022 tax return,[3] which effectively doubled the amount of his income. The district court calculated Mr. Stenson's income utilizing the following amounts:

| Income: | | |
| --- | --- | --- |
| Stenson Wages | $ | 50,000.00 |
| Investment Income | | 18,362.00 |
| Gain on Excess Distributions | | (6,997.00) |
| Stenson Income | | 210,307.00 |

---

[3] As noted, the record does not contain the entirety of Stenson's 2022 tax return. The record only contains the schedule K-1 from Stenson's 2022 tax return, which evidences the amounts passed through from Stenson to Father.

| Stenson Distributions | 228,669.00 |
| Back Country Depreciation/Amortization | 35,095.00 |

Father's adjusted gross income as reported on his individual tax return is $278,669.00. This amount already includes the pass-through amounts (i.e. Stenson's ordinary income), as well as the distributions from Stenson. The $278,669.00 amount also includes the $50,000.00 of wages Father received from Stenson. When $50,000.00 in wages is subtracted from $278,669.00, the amount is $228,669.00, which is the exact amount reported as the distribution from Stenson to Father. This distribution amount is evidenced on Father's schedule K-1 from Stenson's 2022 income tax return, as well as on Father's individual income tax return. The $228,669.00 distribution amount already includes the $18,362.00 the district court identified as investment income and the $210,307.00 the district court identified as Stenson's ordinary business income ($210,307.00 + $18,362.00 = $228,669.00). The $18,362.00 amount is made up of the $6,997.00 of gain on excess distributions that the district court subtracted from its calculation and the $11,365.00 net long-term capital gain. Both the $11,365.00 and the $6,997.00 are found on schedule K-1 of Stenson's 2022 tax return, as well as on the Shareholder's Basis Worksheet from Mr. Stenson's individual 2022 tax return. By including the investment income amount of $18,362.00 and the Stenson income amount of $210,307.00, which was already accounted for in the Stenson distribution amount of $228,669.00, the district court effectively doubled Mr. Stenson's income.

[¶14] Regarding the district court's decision to add back in Back Country's amortization/depreciation to calculate Father's net income, we find no abuse of discretion. Father conceded below "case law provides the amortization deduction in federal tax returns should be added back into the business net income" when calculating child support. Father further agreed during his testimony the district court should calculate his net income by adding the depreciation amount back into Back Country's income. The district court held "[f]ifty percent of Back Country's deductions for depreciation and amortization totaling $35,095.00 ($15,431.50 + $19,663.50) are required to be attributed to Father's income for purposes of a child support calculation. Father does not contest that these deductions are attributable to his income for purposes of child support calculations." As we have previously held "while amortized depreciation of business property is a legitimate deduction for federal income tax purposes, it is not deductible from a party's income as a 'reasonable unreimbursed legitimate business expense' to determine child support." *Lemus I*, 2019 WY 52, ¶ 24, 441 P.3d at 837 (citing Wyo. Stat. Ann. § 20-2-303(a)(ii); *Houston v. Smith*, 882 P.2d 240, 243–44 (Wyo. 1994); *Ready v. Ready*, 2003 WY 121, ¶ 14, 76 P.3d 836, 840 (Wyo. 2003)). We further held "[d]epreciation, whatever its amount, is added back in to accurately reflect the income of the business." *Hyatt v. Hyatt*, 2023 WY 129, ¶ 44, 540 P.3d 873, 887 (Wyo. 2023). Accordingly, we find the district court did not abuse its discretion when it included the amounts attributed to amortization and depreciation to calculate Father's net income.

[¶15]  Although Father's income was effectively doubled by including both the pass-through amounts from the corporation and the amounts from his personal return, Mother claims this is phantom income that should be included when calculating Father's income. Mother's expert witness testified it could be considered double counting Father's income by adding both the distributions on Father's individual tax return and Stenson's income to calculate child support because Father received all of Stenson's 2022 income as a distribution.  However, Mother's expert claimed this Court held in *Marquis* the district court must calculate a parent's net income by adding the parent's distributions and the parent's business's income even if the businesses' income is already included in the parent's distribution. 2020 WY 141, 476 P.3d at 212.

[¶16]  Mother's expert misinterprets *Marquis*.  The issue in *Marquis* involved the petitioner claiming he never actually received the distributions from his business and instead the distributions were used to pay the tax liability associated with his business. *Marquis*, 2020 WY 141, ¶¶ 34–39, 476 P.3d at 220–22.  We recognized in *Marquis*, "phantom income should be included when calculating child support[,]" but defined "'phantom income' [as] income resulting from a taxable event from which the taxpayer does not actually receive money." *Id.* at ¶¶ 35–36, 476 P.3d at 220 (citation modified).  The petitioner claimed the district court abused its discretion by including distributions from his business to calculate his net income because he never actually received a distribution. *Id.* at ¶¶ 34, 38, 476 P.3d at 220–21.  Petitioner admitted the distributions were phantom income, but he argued, because his business made the distributions to pay his tax liabilities associated with the business, the distributions should not be included when calculating his net income. *Id.* at ¶¶ 34–38, 476 P.3d at 220–22.  We held "[r]egardless of what [the petitioner] used the distributions for, the distributions were received by [the petitioner]" and "enhance[ed] his wealth." *Id.* at ¶ 38, 476 P.3d at 221–22.  Accordingly, we held the district court did not abuse its discretion when it included the petitioner's share of a business distribution when it calculated his net income. *Id.* at ¶ 39, 476 P.3d at 222.

[¶17]  Here, Father does not contest he received the entirety of Stenson's ordinary income as a distribution.  Because Father received the income, Stenson's ordinary income cannot be considered "phantom income." *See id.* at ¶ 35, 476 P.3d at 220; *cf. Bailey v. Bailey*, 954 P.2d 962, 967 (Wyo. 1998) (upholding the district court's decision to include an escalation clause in a parent's income calculation because husband was a majority stockholder and in a position to control "phantom income" from his businesses); *Harrison*, 949 N.W.2d at 383–84 (finding the pass-through income was essentially phantom income because it was income allocated on an individual tax return but not actually received by the shareholder). Father's individual tax return depicts Stenson's income in the distributions Father received from Stenson.  It also depicts the investment income and gains on excess distributions. Therefore, the district court only needed to include the distributions and income as reported on Father's individual tax return, and by including the amounts from both Stenson's schedule K-1 and Father's individual tax return it effectively doubled Father's net income.

[¶18]   We find the district court doubled Father's net income.  We remand to the district court to conduct further proceedings to re-calculate Father's net income and presumptive child support.  Wyoming Statute § 20-2-308(a) provides "no order" on child support "shall be entered" unless financial affidavits or testimony which "fully discloses the financial status of the parties" has been received by the district court. *Lemus I*, 2019 WY 52, ¶¶ 20–21, 441 P.3d at 836.  The statute requires the parties to file financial affidavits supported by documentation of current and past earnings, including but not limited to pay stubs, employer statements, receipts and expenses if self-employed, and copies of tax returns. *Id.* at ¶ 21, 441 P.3d at 836.  The district court is required "to ensure the parties provide sufficient financial information, in the form of proper financial affidavits and/or trial evidence, before it makes a child support determination." *Id.* at ¶ 26, 441 P.3d at 837.  Here, the district court found Father did not provide Stenson's 2022 income tax return.  Because Stenson owns 50% of Back Country and Father wholly owns Stenson, the district court should receive and review both Back Country's and Stenson's tax returns, as well as Father's individual tax return, to fully understand Father's financial status and to calculate Father's net income.  Having Father's and all of his businesses' tax returns will aid the district court in determining whether there is any phantom income associated with Back Country or Stenson that the district court should account for when calculating Father's net income.  Accordingly, we remand this case to the district court for additional proceedings to determine Father's net income and to calculate presumptive child support beginning December 1, 2024. *See id.* at ¶¶ 19–33, 441 P.3d at 836–39 (remanding to the district court for additional proceedings to determine father's net income when the district court ordered child support without obtaining sufficient financial information about Father's businesses to calculate Father's net income).

## CONCLUSION

[¶19]   The district court abused its discretion when it doubled Father's net income.  We reverse and remand for proceedings consistent with this opinion.

8