# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 60

APRIL TERM, A.D. 2026

June 3, 2026

JONATHAN MERRICK CAUSEY, a
disabled adult child, and TRACEY
CAUSEY, court appointed guardian,

Appellants
(Petitioners),

v.

S-25-0285

JAMES MICHAEL CAUSEY,

Appellee
(Respondent).

*Appeal from the District Court of Laramie County*
*The Honorable W. Thomas Sullins, Judge*

*Representing Appellant:*
JoAnn Fulton, Fulton Law Office, P.C., Laramie, Wyoming.

*Representing Appellee:*
Devon P. O'Connell and Amber Renee B. Ferguson, Pence and MacMillan LLC,
Laramie, Wyoming.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, JAROSH, and HILL, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Chief Justice.**

[¶1]     Jonathan Merrick Causey (Son) and Tracey Causey (Mother) brought this action against James Michael Causey (Father), seeking post-majority support for Son. They brought the action under Wyo. Stat. Ann. § 14-2-204(a)(i) (2023), arguing Son was "physically disabled and thereby incapable of self support[.]" The district court held a bench trial and determined Son was disabled, but was capable of self-support. It denied Son and Mother's petition on that basis. We affirm.

## *ISSUE*

[¶2]     We restate the issue in this case as: whether the district court abused its discretion when it denied Son and Mother's petition for post-majority support under Wyo. Stat. Ann. § 14-2-204(a)(i).

## *FACTS*

[¶3]     Mother and Father married in 1998 and divorced in 2020. They had four children, two of whom were minors at the time of the divorce. Son is their youngest child. Throughout his life, Son has experienced significant medical issues related to his premature birth. These issues include chronic lung injury, immunodeficiency, tachycardia, visual impairment, and general difficulty with coordination.[1]

[¶4]     Mother and Father's divorce decree did not require either party to pay child support. In 2022, Mother sought to modify child visitation and support based on Father's long-distance move and increased income. The district court entered a temporary order requiring Father to pay Mother child support until Son graduated high school. Son reached the age of majority in December 2023 and graduated high school in June 2024. After Son reached the age of majority, and with his consent, the district court appointed Mother as Son's adult guardian.

[¶5]     Son and Mother brought this petition for post-majority support in July 2024. They alleged Son was entitled to support under Wyo. Stat. Ann. § 14-2-204(a)(i) because he was "disabled and thereby incapable of self support." The district court held a bench trial and ruled in favor of Father. The court found although Son was "physically disabled," he was not "thereby incapable of self-support." Son and Mother timely appealed.

---

[1] Son has also been diagnosed with attention deficit disorder, autism spectrum disorder, and depressive disorder. However, Son and Mother stipulated they were only seeking support based on his physical disabilities.

1

## STANDARD OF REVIEW

[¶6]    We review a district court's child support decisions, including its decisions on post-majority support, for abuse of discretion. *O'Roake v. State ex rel. Dep't of Fam. Servs.*, 2021 WY 98, ¶ 6, 494 P.3d 482, 484 (Wyo. 2021) (citing *Kimzey v. Kimzey*, 2020 WY 52, ¶ 13, 461 P.3d 1229, 1235 (Wyo. 2020)).

> A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. Our review entails evaluation of the sufficiency of the evidence to support the district court's decision, and we afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party. Findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence cannot be sustained.

*Stenson v. Stenson*, 2025 WY 102, ¶ 9, 576 P.3d 620, 624 (Wyo. 2025) (quoting *Lemus v. Martinez*, 2021 WY 66, ¶ 32, 486 P.3d 1000, 1011 (Wyo. 2021)).

## DISCUSSION

[¶7]    At the outset, we decline Father's request to summarily affirm based on Son and Mother's alleged failure to designate a record, cite the record, and present cogent argument. While Son and Mother did not initially file a designation of record, they eventually did so when directed by this Court. Son and Mother's brief also contains numerous citations to the trial transcript. Though we ultimately are not persuaded by their arguments, Son and Mother's arguments are understandable and do not warrant summary affirmance. The decision whether to summarily affirm based on deficient briefing or compliance with the Wyoming Rules of Appellate Procedure is within our discretion. *Adams v. Gallegos*, 2025 WY 71, ¶ 7, 571 P.3d 337, 338 (Wyo. 2025) (citing W.R.A.P. 1.03; *Anderle v. State*, 2022 WY 161, ¶ 18, 522 P.3d 151, 154 (Wyo. 2022)). Under these circumstances, we decline to do so. For the same reasons, we deny Father's request to certify there was no reasonable cause for this appeal and award him attorney fees. *See Shipley v. Smith*, 2024 WY 56, ¶ 15, 548 P.3d 996, 1000 (Wyo. 2024) (explaining an attorney fee award on appeal is generally not available for a challenge to a district court's discretionary ruling unless an appellant fails to present cogent argument, legal authority, or citations to the record).

[¶8]    Turning to the merits of Son and Mother's arguments, Wyo. Stat. Ann. § 14-2-204 provides:

(a) Any person legally responsible for the support of a child who abandons, deserts, neglects or unjustifiably fails to support the child is liable for support of the child. It is no defense that the child was not or is not in destitute circumstances. For purposes of this section, a parent's legal obligation for the support of his or her children, whether natural or adopted, continues past the age of majority in cases where the children are:

(i) Mentally or physically disabled and thereby incapable of self support[.]

[¶9]    Son and Mother initially contest the district court's finding that Son is capable of self-support. They recount the evidence presented at trial and reassert their view that Son "is not self-sufficient nor is he capable of providing support for himself to establish independent living." They relatedly assert that not requiring Father to pay post-majority support makes Mother responsible for all of Son's expenses.

[¶10]  The district court's order is replete with findings supporting its conclusion that Son is capable of self-support. The court found Son receives Social Security Disability Income, he is computer literate, and he intends to attend college. It found Son "is able to perform many functions of independent living and self-care, including feeding himself, cleaning his apartment, taking his medications, going to the grocery store, and maintaining a bank account." It also found Son is able to perform manual tasks such as "walking, seeing, hearing, and speaking." While the district court acknowledged Son experiences difficulties due to his disabilities, it found him able to overcome his difficulties and "succeed in further educational pursuits." The district court noted a vocational evaluation in which Son stated he "does not feel like he has any barriers to employment." Finally, the district court relied on its own observations of Son at trial: "[Son] was able to appear and participate in a normal manner, and his participation included giving his testimony that was responsive, knowledgeable, and intelligent in all respects." These findings are supported by the record.

[¶11]  Son testified he helps Mother cook and clean, is able to get groceries, has a bank account and understands how to use it, and pays his share of rent and utilities for the house he resides in with Mother. While Son testified he does not currently set up his own medicine boxes to maintain his medication schedule, he acknowledged he can set them up and has done so in the past. Son also testified he qualified for Wyoming's Hathaway Scholarship and intends to use the scholarship to pursue a college education. He explained that his grades in high school were initially poor but went up when he had more ability to choose his classes.

3

[¶12] Son's physician testified he had seen evidence of Son's ability to develop independent living skills. He believed that while Son might struggle in certain types of employment, a work environment with less physical activity could be suitable with proper accommodations.

[¶13] Mother testified Son can do chores, take his medications, and do his schoolwork on his own. She also testified that while Son cannot live in the dorms at college due to his oxygen usage, the eventual plan is for him to get his own apartment. She acknowledged that although Son sometimes needs to be reminded, he has the physical skills needed for daily living.

[¶14] In providing their view of the evidence and arguing it leads to the conclusion Son is incapable of self-support, Son and Mother overlook our standard of review. "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. . . . [W]e afford the prevailing party every favorable inference while omitting any consideration of evidence presented by the unsuccessful party." *Stenson*, 2025 WY 102, ¶ 9, 576 P.3d at 624 (quoting *Lemus*, 2021 WY 66, ¶ 32, 486 P.3d at 1011). Further, we give significant deference to the district court's firsthand assessment of Son because the court was able to observe his demeanor during his testimony. *See Hoy v. Miller*, 2006 WY 147, ¶ 9, 146 P.3d 488, 491 (Wyo. 2006) ("[W]e do not have the benefit of how the trial judge sees and hears the witness—the pitch of the voice, facial changes, the movement in the witness—all of which may tell a separate story, to be given credence.") (quoting *Madrid v. Norton*, 596 P.2d, 1108, 1117 (Wyo. 2006)). The district court had ample evidence before it to conclude Son was capable of self-support, and its conclusion to that effect was not "contrary to the evidence[] or against the great weight of the evidence[.]" *Stenson*, 2025 WY 102, ¶ 9, 576 P.3d at 624 (quoting *Lemus*, 2021 WY 66, ¶ 32, 486 P.3d at 1011).

[¶15] Son and Mother also argue that under Wyo. Stat. Ann. § 14-2-204, their only burden of proof was to show Son is "physically disabled," and the burden then shifted to Father to show justification for cessation of support. We decline to address this argument for two reasons. First, Son and Mother cite no authority for this proposition. *Drewry v. Brenner*, 2025 WY 121, ¶ 19, 579 P.3d 49, 56 (Wyo. 2025) (explaining we will not consider arguments unsupported by proper citation to authority) (citing *Vassilopoulos v. Vassilopoulos*, 2024 WY 87, ¶ 28, 557 P.3d 725, 734 (Wyo. 2025)). Second, they failed to raise this argument below. In questioning counsel during multiple hearings, the district court made clear it believed Son and Mother not only had to show Son had a disability, but that his disability rendered him incapable of supporting himself. Son and Mother did not object to the district court's understanding of their burden of proof and did not argue they only had to show Son was disabled. "[W]e will not consider arguments on appeal that were not presented to the district court, unless those arguments are jurisdictional or of a fundamental nature." *Jones v. Young*, 2025 WY 130, ¶ 29, 580 P.3d 1026, 1035

4

(Wyo. 2025) (citing *Sharpe v. Evans*, 2025 WY 70, ¶ 14, 570 P.3d 731, 736 (Wyo. 2025)).

[¶16] Affirmed.